John J. SALVATORE, Plaintiff,

v.

ALLIED CHEMICAL CORPORATION,
a corporation, Defendant.

No. 2941.

United States District Court
S. D. West Virginia,
Charleston Division.

Feb. 9, 1965.

John R. Mitchell, Cabin Creek, W. Va., for plaintiff.

Spilman, Thomas, Battle & Klostermeyer, by Howard R. Klostermeyer, Charleston, W. Va., for defendant.

FIELD, Chief Judge:

Alleging diversity jurisdiction, plaintiff seeks to recover damages, charging that defendant breached the. terms of its collective bargaining agreement with plaintiff's union, United Mine Workers of America, by failing to accord plaintiff seniority rights to which he was entitled under the contract provisions. Defendant has filed its motion to dismiss on the ground that plaintiff's remedy, if any, is confined to the grievance and arbitration procedure for settlement of disputes as set forth in the bargaining agreement.

For some time it was assumed that Section 301 of the Labor Management Relations Act did not open the federal forum to actions seeking to vindicate individual employee rights arising from a collective bargaining agreement. This was the conclusion reached by the Supreme Court in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, on the theory that the subject matter of such a case was "uniquely personal" to the employee. In that case Mr. Justice Frankfurter observed, "The employees have always been able to enforce their individual rights in the state courts. * * *" Accordingly federal jurisdiction in such a case existed only in the event diversity was present. In such diversity cases, of course, application of the substantive law of the state was appropriate, and if state law required the exhaustion of contractual grievance procedures as a condition precedent to an action for damages, jurisdiction was contingent upon

the fulfillment of that condition.[1] In an action involving the same bargaining agreement as the one present here, I adopted such reasoning and granted a motion to dismiss on the theory that West Virginia law as set out in Pettus v. Olga Coal Co., (1952) 137 W.Va. 492, 72 S.E.2d 881, required such a precedential exhaustion of contractual remedies. See Henderson v. Eastern Gas and Fuel Associates, (Ltr. Opinion 7–30–60) affd. 4 Cir., 290 F.2d 677.

From these observations, it would seem to follow that defendant's motion should be granted. However, the restrictive jurisdictional principles of Westinghouse were rapidly eroded and were finally laid to rest in Smith v. Evening News Assn., (1962) 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246. The Supreme Court in that case concluded that the rights of individual employees derived from collective bargaining agreements fall within the ambit of Section 301 and should be considered in the light of "a uniform body of federal substantive law" rather than state law. In the light of Smith, it would appear that although the present action was instituted on the theory of diversity jurisdiction, nevertheless in the disposition of this motion the plaintiff should have the benefit (if any there might be) of federal substantive law. Any quandary in this respect, however, seems to have been resolved by the recent decision of the Supreme Court in Republic Steel Corp. v. Maddox, 85 S.Ct. 614. In that case the Court concluded that federal substantive law requires that the individual employee resort to the use of any contractual grievance procedure "agreed upon by employer and union as the mode of redress."

Since the bargaining agreement here in question provides for "exclusive" grievance and arbitration procedures, in my opinion plaintiff must resort to those contractual procedures instead of seeking initial redress in the courts. The motion to dismiss will be granted.[2]

---

1. In analogous cases falling within the area of the Railway Labor Act, this principle was developed in the trilogy of Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; and Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.

2. Although counsel for plaintiff has filed two amended complaints in this action, he suggests in his memorandum that he be permitted to file a third which would allege that plaintiff's difficulties have resulted from improper conclusions reached by defendant's medical examiner. This, however, would serve no useful purpose since that also is a controversy properly subject to the contractual grievance procedure.