**David H. DURHAM et al., Plaintiffs-Appellants,**

v.

**The MASON AND DIXON LINES, INC., Defendant-Appellee.**

**No. 18052.**

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1968.

Mozart G. Ratner, Washington, D. C., for appellants; H. Solomon Horen, Louisville, Ky., on brief.

Edgar A. Zingman, Louisville, Ky., for appellee; Wyatt, Grafton & Sloss, Louisville, Ky., Edwin O. Norris, David W. Zugschwerdt, W. Scott Trundle, Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, Tenn., on brief.

Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Appellants instituted a class action in the District Court under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1964), for enforcement of certain seniority benefits to which they claimed they were entitled under the collective bargaining contract entered into between their union and appellee. The complaint alleged that appellee had procured a change in the collective bargaining agreement by means of fraudulent misrepresentations to the Joint Employer-Union Committee, a body authorized by agreement to approve such changes, and that the change was in derogation of appellants' vested seniority rights. Appellee filed a motion to dismiss the action, alleging, *inter alia*, that the complaint failed to state a claim upon which relief could be granted and that appellants had failed to exhaust the grievance procedure provided in the collective bargaining agreement. The district judge, after receiving affidavits and exhibits from the parties, granted appellee's motion to dismiss. He did not, however, state which of the alleged grounds was the basis for the dismissal.

This omission is regrettable. The sustaining of a motion to dismiss for failure to state a claim upon which relief can be granted is a judgment on the merits.[1] See 2A J. Moore, Federal Practice ¶ 12.09, at 2313 (2d ed. 1968). On the other hand, sustaining a motion to dismiss for failure to exhaust the grievance procedure provided in a collective bargaining agreement results only in a dismissal of the action without prejudice. See 6 J. Moore, Federal Practice ¶ 56.03, at 2052 (2d ed. 1966).

We hold that appellants failed to avail themselves of the grievance procedure provided in the contract prior to filing their action in the District Court. This failure to exhaust the grievance procedure deprived the District Court of jurisdiction and therefore precluded a decision on the merits. Salvatore v. Allied Chemical Corp., 238 F.Supp. 232 (S.D.W.Va.1965). Since the District Court could not reach the merits, we will for this reason assume that the motion to dismiss was granted because of appellants' failure to exhaust the grievance procedure rather than because the complaint failed to state a claim. We affirm.

The general rule is that prior to filing an action in a federal court under Section 301 employees must attempt to use the grievance procedure agreed to by the employer and the union. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Appellants contend that because the Joint Employer-Union Committee, the body which ratified the change in the contract, is also the body through which grievances are to be

[1] We observe that the portion of appellee's motion to dismiss in which he alleged failure to state a claim upon which relief could be granted was converted into a motion for summary judgment under Rule 56 when appellee filed affidavits and exhibits in support of the motion. See Fed.R.Civ.P. 12(b). Of course, this merely serves to reinforce the fact that had the motion been granted for this reason the result would have been a judgment on the merits, since under Rule 56 only matters related to the merits can be raised. See 2A J. Moore, Federal Practice ¶ 12.09, at 2313 (2d ed. 1968).

processed, the grievance procedure was, when the Committee approved the change, in effect exhausted. The defect in this reasoning is that although the Committee approved the change in the contract, it did not at that time have before it and has not since been given an opportunity to rule on appellants' contention that its approval was procured by means of fraudulent misrepresentations on the part of appellee.[2] Until this allegation has been presented to the Committee, appellants cannot maintain that they have attempted to use the grievance procedure provided in the contract.

Having concluded that appellants' failure to exhaust the grievance procedure deprived the District Court of jurisdiction over the subject matter of the complaint, we affirm the granting of appellee's motion to dismiss the action.

2. The affidavit of employee Shepherd, the validity of which is questionable since it is based largely on hearsay, contained nothing which would require a different conclusion. Although Shepherd stated that grievances related to the employees' seniority rights had been processed to final hearings before the Committee, he did not assert that the allegation of appellee's fraud in obtaining the change in the contract had ever been passed on by the Committee. Also, the exhibit filed by appellee, which contained a list of all grievances filed as a result of the change in the contract, revealed that the fraud issue never had been presented to the Committee.