Tawanda R. SIMMONS, Plaintiff-Appellant,

v.

Louis E. WOLFSON et al., Defendants-Appellees.

Sandra Lee Simmons SHAW, Plaintiff-Appellant,

v.

Louis E. WOLFSON et al., Defendants-Appellees.

Nos. 20090, 20091.

United States Court of Appeals, Sixth Circuit.

July 7, 1970.

---

John G. Hicks, Louisville, Ky., for plaintiffs-appellants.

Edgar A. Zingman, Louisville, Ky., for defendants-appellees; Wilson W. Wyatt, Robert C. Ewald, Wyatt, Grafton & Sloss, Louisville, Ky., on brief for appellees Wolfson, Gerbert, Staub, Baker, Hoover, Kosow and Sherman; Randolph A. Brown, R. Martin Rockwell, Louisville, Ky., on brief for appellee Estate of Alexander Rittmaster; Brown, Ardery, Todd & Dudley, Louisville, Ky., of counsel; David L. Waterman, Irwin G. Waterman, Louisville, Ky., on brief for appellee Archibald Kleven.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

In these consolidated appeals appellants ask us to reverse orders of the District Court granting motions to dismiss their complaints as amended for lack of jurisdiction.

Appellants were owners of shares of common stock in Merritt-Chapman & Scott Corporation, a corporation whose shares were registered and listed on the New York Stock Exchange. Appellants instituted separate, identical actions in the District Court under the provisions of the Securities Act of 1933 (15 U.S.C. §§ 77a et seq.), the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a et seq.), and Rule 10b–5 of the Securities and Exchange Commission. In these actions appellants asserted a claim for damages against the officers and directors of the corporation and others, for impairment of the value of their shares of stock resulting from an alleged fraudulent conspiracy of the defendants to commit acts which violated the above statutes and rule of the Commission. These acts included alleged secret agreements whereby certain defendants (not officers or directors of the corporation) purchased large numbers of shares of stock of the corporation and sold the shares to the corporation at great profit to themselves and the other defendants, after manipulating the stock market so that the market value of the stock when its was purchased by the corporation was in excess of its true value; that the officers and directors of the corporation engaged in a number of other fraudulent transactions; that these transactions resulted in substantial losses to the corporation; and that said officers and directors issued fraudulent reports and financial statements and concealed their fraudulent practices.

None of the defendants in said actions resided in or was served with process in Kentucky. Jurisdiction of the District Court was based entirely on the Security Act of 1933 and the Security Exchange Act of 1934. The corporation was not made a party to the actions. Appellants sought to recover in their own right and not in a derivative or representative capacity in behalf of the corporation.

It was undisputed that appellants had acquired their shares of stock prior to the time the alleged illegal acts had been committed.

Section 17(a) of the Securities Act of 1933 makes it unlawful to employ fraudulent acts "in the offer or sale of any securities * * *." Only purchasers have standing to sue for violations of the 1933 Act. Greater Iowa Corp. v. McLendon, 378 F.2d 783, 790 (8th Cir. 1967).

Section 10(b) of the 1934 Act prohibits deception "in connection with the purchase or sale of any security * *."

It has long been settled that only purchasers or sellers of securities may invoke the provisions of Section 10(b) of the 1934 Act or Rule 10b–5 of the Commission. Iroquois Industries, Inc. v. Syracuse China Corp., 417 F.2d 963 (2d Cir. 1969), cert. applied for 38 U.S.L. Week 3454; Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir. 1952), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356.

We recognized the rule in Mader v. Armel, 402 F.2d 158 (6th Cir. 1968), cert. denied, Young v. Mader, 394 U.S. 930, 89 S.Ct. 1188, 22 L.Ed.2d 459 (1969), and held that a corporate merger involved a sale or purchase within the meaning of the statute. Appellants contend that we extended the statute in *Mader* and that we should extend it further to embrace the present actions or abandon the requirement that in order to recover one must be a purchaser or a seller. In our opinion, adoption of appellants' contention would do violence to the plain language of the statute and Rule. It would open the door to federal jurisdiction in claims for damages against corporate directors and officers arising out of breach of their fiduciary duties.

Appropriate remedies to redress said wrongs now exist in the state courts in derivative actions by shareholders, or in the federal courts where diversity jurisdiction and venue exist. In such actions the corporation is a necessary party. If a corporation has a claim for violation of Section 10(b), a shareholder may sue in a derivative capacity. Birnbaum v. Newport Steel Corp., *supra*.

 We conclude that the District Court was correct in dismissing the suits for lack of jurisdiction. This disposition of the cases makes it unnecessary for us to consider other contentions advanced by the appellants.

Affirmed.