Donald K. GEARHEART and Richard Kurtz, Plaintiffs-Appellants,

v.

FEDERAL RESERVE BANK OF CLEVELAND et al., Defendants-Appellees.

No. 74–2156.

United States Court of Appeals, Sixth Circuit.

May 8, 1975.

Stanley M. Chesley, Waite, Schindel, Bayless & Schneider, Cincinnati, Ohio, for plaintiffs-appellants.

William W. Milligan, U. S. Atty., Robert G. Stachler, Taft, Stettinius & Hollis-

ter, Cincinnati, Ohio, for defendants-appellees.

Before CELEBREZZE, MILLER and ENGEL, Circuit Judges.

PER CURIAM.

Appellants bring this appeal from the District Court's dismissal of their class action against the Federal Reserve Board, each director of the Federal Reserve System, and six Cincinnati-area banks. Appellants, Donald K. Gearheart and Richard Kurtz, were purchasers of $10,000 certificates of deposit at the Provident Bank. Appellants, on behalf of all purchasers of certificates of less than $100,000 at Appellee bank, challenged the validity of Regulation Q promulgated by the Federal Reserve Board.

Regulation Q, 12 C.F.R. § 217.7, limits the interest which can be paid on certificates of deposit in amounts less than $100,000, but, since a May 22, 1973 amendment, places no limits on the rate of interest which may be paid on certificates of deposit of $100,000 or more. The Regulation is challenged on numerous grounds. It allegedly denies equal protection to the poor, and violates the Robinson-Patman Act, the anti-trust laws, the federal securities laws and Sections 1983 and 1985 of the Civil Rights Acts.

The District Court in a well-reasoned thirty page opinion disposed of all the above arguments and found that Appellants had stated no cause of action for which relief could be granted.

■ Appellants seek strict scrutiny of Regulation Q, claiming that wealth is involved here and is a suspect classification. Receiving different rates of return on certificates of deposit of different amounts hardly can be regarded as a deprivation even approaching the magnitude of an alleged deprivation of freedom of speech or the right to vote. The District Court correctly concluded that the Regulation need only have a rational basis to withstand constitutional scrutiny. San Antonio School District v. Rodriquez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). Regulating interest rates prevents unfair competition for savings accounts and helps to regulate the country's monetary flow. The regulation is rationally supported and thus withstands constitutional scrutiny.

■ Having concluded that Regulation Q is constitutional, we turn to the numerous alleged statutory violations. A necessary element of a civil rights claim pursuant to 42 U.S.C. §§ 1983 and 1985 is the violation of a constitutional right. No such violation has here been demonstrated and the District Court was correct in its dismissal of the civil rights claims.

■ Appellants argue that Appellee banks have violated various provisions of the Securities Act of 1933 and the Securities and Exchange Act of 1934 by selling certificates without disclosing a material fact, namely the interest differential allowed by Regulation Q. The District Court noted that Appellants each purchased a $10,000 certificate from Appellee Provident Bank. The District Court properly concluded that Appellants thus lacked standing to sue banks other than Provident. Simmons v. Wolfson, 428 F.2d 455 (6th Cir. 1970), cert. den. 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971).

■ The District Court further concluded that Appellants failed to demonstrate the ability to take advantage of higher interest rates by purchasing $100,000 certificates and thus the District Court determined that disclosure of the disparity in rates for $100,000 certificates was not material to Appellants' purchase of $10,000 certificates. Arber v. Essex Wire Corp., 490 F.2d 414 (6th Cir. 1974).

■ Appellants also advance a number of antitrust claims. Appellees complied with a valid federal regulation and antitrust laws are impliedly repealed to the extent they are inconsistent with comprehensive federal or state regulation of an industry. See, e. g., Hughes Tool Co.

v. Trans World Airlines, Inc., 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). Appellants also contend that actions in reliance on an unconstitutional regulation are not immunized from antitrust laws. Our conclusion that Regulation Q is constitutional obviates consideration of this contention.

We are also of the opinion that the District Court correctly found Appellants' monopoly and price discrimination claims to be without merit.

The District Court's dismissal of Appellants' claims is affirmed.