**Sandra Lee Simmons SHAW et al., Plaintiffs-Appellants,**

v.

**MERRITT–CHAPMAN & SCOTT CORP. et al., Defendants-Appellees.**

**Nos. 76-1498, 76-1554.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1976.

Decided May 5, 1977.

Rehearing Denied May 20, 1977.

Robert F. Simmons, Louisville, Ky., for plaintiffs-appellants.

Harvey L. Pitt, Paul Gonson, James H. Schropp, S. E. C., Washington, D. C., for amicus curiae S. E. C.

Timothy R. Futrell, Wyatt, Grafton & Sloss, Edgar A. Zingman, Louisville, Ky., for defendants-appellees.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PECK, Circuit Judge.

These are consolidated appeals by *pro se* litigants from orders of the district court in two securities actions, dismissing one action, granting summary judgment in the other, and awarding attorneys' fees to defendants-appellees.

The procedural history of these cases goes back to 1969, when the plaintiffs, shareholders of Merritt-Chapman & Scott Corporation, brought two suits (hereinafter referred to as *Simmons I and II*) against Louis Wolfson, president of that corporation, and a number of other individuals. The plaintiffs alleged violations of various provisions of the federal securities laws, and charged that certain of the defendants had issued fraudulent reports and financial statements, had purchased a large block of shares of Merritt-Chapman which they subsequently sold to the corporation at an inflated price, and had breached various other fiduciary duties. The district court dismissed *Simmons I and II* and this court affirmed the dismissals on the ground that the district court lacked jurisdiction, since plaintiffs did not claim to have purchased securities in connection with the alleged fraud. *Simmons v. Wolfson*, 428 F.2d 455 (6th Cir. 1970). We observed:

> "Appropriate remedies to redress said wrongs now exist in the state courts in derivative actions by shareholders, or in the federal courts where diversity jurisdiction and venue exist. In such actions

the corporation is a necessary party. If a corporation has a claim for violation of Section 10(b), a shareholder may sue in a derivative capacity." 428 F.2d at 457.

*Certiorari* was denied by the United States Supreme Court, 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971).

In November, 1974, plaintiffs filed another action in the district court for the Western District of Kentucky against Wolfson, Merritt-Chapman & Scott and others (hereinafter referred to as *Shaw I*). This action was filed *pro se*. In the *Shaw I* complaint, plaintiffs asserted that the district court had jurisdiction over the case solely "per the United States Court of Appeals' decision Nos. 20090–091 dated July 7, 1970 [*Simmons v. Wolfson, supra*]." The defendants filed motions to dismiss on the grounds of insufficiency of the complaint, failure to state a claim upon which relief may be granted, the *res judicata* effect of *Simmons I and II*, and lack of jurisdiction and venue. The district court in its Memorandum and Order dated September 5, 1975, dismissed the complaint for "insufficiency as to jurisdiction and pleadings." Plaintiffs did not appeal this September 5 order. On January 16, 1976, the district court, in response to defendants' motion to assess attorneys' fees as costs pursuant to 15 U.S.C. § 77k(e), entered an Amended Judgment taxing $4,000.00 in attorneys' fees against plaintiffs. On February 13, 1976, plaintiffs filed a notice of appeal from the January 16 Amended Judgment.

Meanwhile, on September 15, 1975, plaintiffs had filed a fourth suit in the same district court (hereinafter referred to as *Shaw II*) against essentially the same defendants (but not including non-diverse parties) and once again asserted "the provisions of the Sixth Circuit Actions 20090 and 20091 dated July 7, 1970" as the jurisdictional basis for the suit. The district court in *Shaw II* granted defendants' motion for summary judgment on the ground that the doctrine of *res judicata* barred the action. On March 26, 1976, plaintiffs filed a notice of appeal from this judgment. On April 19,

1976, the district court entered an order in *Shaw II* taxing plaintiffs for attorneys' fees in the amount of $4,300.00.

## Shaw I

In *Shaw I*, the only question before this court pertains to the award of attorneys' fees, since the merits of the case were not appealed. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Congress has, however, made "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." 421 U.S. at 260, 95 S.Ct. at 1623. One such provision is 15 U.S.C. § 77k(e), of the Securities Act of 1933, pursuant to which the district court in *Shaw I* awarded attorneys' fees to the defendants-appellees. Section 77k(e) provides:

> "In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit . . . ."

Although the precise nature of plaintiffs' claim is difficult to discern from the complaint, it appears that the district court was correct in concluding that they were attempting to state, *inter alia*, claims under the Securities Act of 1933. This is particularly so in light of plaintiffs' reference in their complaint to *Simmons I and II*. The complaint filed in *Simmons I and II* expressly asserted claims under the 1933 Act. Since appellants do not contest the reasonableness of the award, the sole issue is whether the appellants' suit was "without merit." This standard has been interpreted to "require a finding that the claim borders on the frivolous or has been brought in bad faith." *Aid Auto Stores, Inc. v. Cannon*, 525 F.2d 468, 471 (2nd Cir. 1975); *Can-Am Petroleum Co. v. Beck*, 331 F.2d 371, 374 (10th Cir. 1964); *Stadia Oil & Uranium Co. v. Wheelis*, 251 F.2d 269, 277 (10th Cir. 1957).

■ Given the *pro se* nature of this action, the district court judge was understandably "hesitant to reach . . . a conclusion" of frivolity or bad faith. However, he held that "such a determination appears inescapable." We agree. Even giving appellants the benefit of any doubts and assuming the complaint in *Shaw I* represents an attempt by plaintiffs to bring a derivative action in compliance with the prior decision of this court, this complaint falls so far short of the requirements of Rule 8 Federal Rules of Civil Procedure, as to "border on the frivolous" and represents no effort to comply with either the rules governing derivative suits in federal courts or even such jurisdictional prerequisites as were made clear by this court's prior opinion (such as diversity of citizenship of the parties). The district court characterized the plaintiff's conduct in the district court as "most vexatious" and "costly and burdensome to the named defendants and their respective counsel." This suit represents appellants' third flawed attempt[1] at stating a cause of action against essentially the same group of defendants. The line has to be drawn somewhere and we cannot hold the district court erred in finding appellants' action to be totally "without merit" within the meaning of Section 77k(e), and in awarding appellees attorneys' fees pursuant thereto.

---

1. Appellants were also *pro se* participants in an earlier stockholders' action against some of the same defendants in the Supreme Court of New York, *Laufer v. Merritt-Chapman & Scott*, Index No. 19274/65 (1967), and, in fact, named the presiding judge in that case as a defendant in *Shaw I and II*.

## Shaw II

In this case, appellants have perfected an appeal from the order of the district court granting summary judgment. However, a thorough search of the record has revealed that no notice of appeal was filed by appellants with regard to the April 19, 1976 order awarding attorneys' fees.[2] Therefore, that aspect of the case is not before this court.

As to the merits of the appellants' claims in *Shaw II*, the issue for resolution is whether the action was barred by *res judicata* by reason of the prior decisions of this court in *Simmons I and II* and the district court in *Shaw I*. The decision of this court in *Simmons v. Wolfson, supra*, 428 F.2d 455, did not serve to bar either *Shaw I or II*, since this court never reached the merits of the case, but rather concluded that jurisdiction was lacking. See Rule 41(b), Federal Rules of Civil Procedure. This being so, we must look to the dismissal in *Shaw I*. The sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication upon the merits, unless the district court specifies otherwise. *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968), *cert. denied*, 394 U.S. 998, 89 S.Ct. 1594, 22 L.Ed.2d 776; *Bartsch v. Chamberlin Co. of America, Inc.*, 266 F.2d 357, 358 (6th Cir. 1959). However, the district judge in *Shaw I* dismissed the action for "insufficiency as to jurisdiction and pleadings." Although his opinion discussed the total failure of plaintiffs' complaint to state a claim upon which relief may be granted, it also focuses on the inability of the court to discern a jurisdictional basis for the suit. Having found it lacked jurisdiction, the district court could not have adjudicated the merits of the suit.

Even assuming, however, that *Shaw I* was dismissed for lack of jurisdiction, we conclude that *Shaw II* was barred by the dismissal of *Shaw I* and the plaintiffs' failure to appeal that dismissal. In *American Surety Co. v. Baldwin*, Mr. Justice Brandeis stated that "[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues." 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932), cited with approval in *Durfee v. Duke*, 375 U.S. 106, 112 n. 9, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). That is, while a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack. In *Shaw I*, the district court rejected the plaintiffs' assertion that the prior decision of this court in *Simmons I and II* provided a jurisdictional basis for the suit, stating:

"This court, after a review of the two *Simmons* cases, finds nothing which directs this court to take jurisdiction over the instant action nor which instructs plaintiffs how to structure their complaint. The portion of the decision speaking to derivative actions by stockholders merely states that the action is a proper one for the state courts or where diversity of citizenship exists, for the federal courts and in both cases the corporation must be joined as a necessary party."

Whether or not this conclusion was erroneous, having failed to perfect an appeal, appellants were bound by this decision and are precluded from bringing a subsequent suit, asserting essentially the same claims, citing the same jurisdictional basis. "If the district court had erred in dealing, or in failing to deal with any issue, thus involved, the remedy was by appeal and no appeal was taken." *Jackson v. Irving Trust Co.*, 311 U.S. 494, 503, 61 S.Ct. 326, 330, 85 L.Ed. 297 (1941). Thus the district court

---

**2.** We note that a copy of a document purporting to be a notice of appeal from the April 19 order appears in Appellees' Appendix, but this document is not a part of the record before this court. Appellants may have served the appellees with notice, but failed to file same. Such service would in any event have been clearly inadequate to perfect an appeal. Rule 3(a), Federal Rules of Appellate Procedure. *See,* 7 Moore, Federal Practice ¶ 203.09 (2d ed. 1975) and Learned Hand's Opinion in *F.D.I.C. v. Congregation Poiley Tzedeck*, 159 F.2d 163, 166 (2d Cir. 1946) for his discussion of the hazards inherent in allowing such a procedure to commence an appeal.

properly entered judgment for the defendants-appellants in *Shaw II*.

In accordance with the above, the judgments of the district court are affirmed.