**W. J. A. PRODUCTIONS, INC., dba WAH Productions, Plaintiff,**

v.

**Robert W. BARNETT et al., Defendants.**

**No. C 77–127 Y.**

United States District Court,
N. D. Ohio, E. D.

Oct. 31, 1977.

Michael D. Joseph, Warren, Ohio, for plaintiff.

Samuel Petkovich, Warren, Ohio, Joseph P. Sontich, Youngstown, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Defendant U.S. Fidelity & Guaranty Co. has moved that Joseph R. Lucas, duly appointed trustee of the bankrupt W.J.A. Productions, Inc., be substituted as the plaintiff in this action. This motion has been made pursuant to Rule 17(a), F.R.C.P., on the basis that Joseph Lucas is the real party in interest in this action.

■ Joseph Lucas was appointed plaintiff's trustee in bankruptcy on January 6, 1977. This action was filed June 16, 1977. At the time of filing of this action, plaintiff had no standing to sue defendants on its own behalf. *Burkett v. Shell Oil Company,* 448 F.2d 59 (5th Cir. 1971).

This cause of action belongs to the trustee in bankruptcy and not to plaintiff. Accordingly, defendant's motion to substitute Joseph R. Lucas as plaintiff in this action is granted. Hereinafter, this action will be known as *Joseph R. Lucas v. Robert W. Barnett, et al.*

■ It is clear that law enforcement officers can be held liable under 42 U.S.C. § 1983 when by inaction they fail to perform a statutorily imposed duty to enforce the laws and thereby deny equal protection to persons legitimately exercising fundamental rights. *Smith v. Ross,* 482 F.2d 33 (6th Cir. 1973). In this action, a corporation seeking to conduct a concert rented county fairgrounds for the event, but claims the event was unsuccessful because the sheriff of said county, due to personal prejudice, failed to plan ahead for adequate traffic control, failed to provide adequate assistance to unsnarl an existing traffic jam, failed to direct concert-goers to alternate routes to the fairgrounds, and directed concert-goers away from the fairgrounds.

In the instant case, the corporation (now bankruptcy trustee) plaintiff has asserted rights of peaceful assembly, equal protection, and due process. Plaintiff's only interest in peaceful assembly as to this concert did not coincide with the interests of those who sought to assemble, but rather was identifiable with those commercial interests seeking to make a profit on the people seeking to assemble. Thus, the right of peaceful assembly asserted by plaintiff fails to rise to the level of a substantial cognizable constitutional claim.

■ Absent any underlying fundamental right of peaceful assembly, plaintiff's claims of equal protection and due process are grounded in assertion of a right of a commercial enterprise to obtain special traffic assistance from local authorities in order to make a profit on a large event. Procurement of special traffic assistance for large commercial events is not a fundamental right.

While any duty of the sheriff to provide better traffic assistance may be enforced under the laws of the State of Ohio, this Court, absent a substantial constitutional question, should not substitute its jurisdiction for other appropriate state remedies. *Ryan v. Aurora Bd. of Ed.,* 540 F.2d 222 (6th Cir. 1976).

■ Accordingly, the Court finds this complaint fails to state a substantial cognizable constitutional claim upon which relief can be granted, and hereby dismisses this action for want of federal subject matter jurisdiction. *Gearhart v. Federal Reserve Bank of Cleveland,* 516 F.2d 353 (6th Cir. 1975), *cert. den.* 423 U.S. 927, 96 S.Ct. 274, 46 L.Ed.2d 254 (1975).

This action is hereby terminated.

IT IS SO ORDERED.