Walter L. THREADGILL, et al., Appellants,

v.

Lewis BLACK, et al.

No. 83–1266.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 14, 1984.

Decided March 27, 1984.

---

Stuart C. Law, Washington, D.C., for appellants.

Lewis Black, pro se.

Before WRIGHT, WILKEY and SCA-LIA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

This matter is before us on appeal from an order of the district court granting appellees' motion for summary judgment and denying appellants' motion to drop a party plaintiff. Appellants, Walter Threadgill and his wholly owned corporation, T & R Consultants, Inc., brought this action under the federal securities laws (15 U.S.C. §§ 77q, 78j (1982), and 17 C.F.R. § 240.-10b–5 (1983)), charging appellees with fraud and misrepresentation in the sale and purchase of securities.

The complaint alleged that appellant Threadgill had been a shareholder of B & W Productions, Inc., a New York corporation controlled by appellees. The complaint further alleged that on August 4, 1981, appellees, acting through B & W, entered into an agreement with Threadgill to purchase his stock in B & W and to satisfy all claims arising from his employment contract with B & W. Threadgill was to receive $70,000, to be paid in fourteen monthly installments of $5,000. Appellees promised to execute a written memorandum of the agreement, but never did so.

The complaint charges that appellees entered into the agreement without any intention of ever paying the full $70,000;[1] and the parties stipulated that only $10,000 was actually paid. The district court, without conducting any evidentiary hearing, found that although most of appellants' contentions regarding the fraudulent scheme were disputed by appellees no genuine issue of material fact prevented its conclusion that the federal securities laws were not applicable to the transaction at issue. First, the court found that "the purpose of the August 1981 meeting was not to repurchase any security but to settle Plaintiff's wage claims arising under the employment contract." *Threadgill v. Black*, Civil No. 82–0222, slip op. at 6 (D.D.C. Feb. 1, 1983). Second, the court found that because no stock was conveyed, the full purchase price was never paid, and Threadgill retained his interest in B & W, no actual sale or purchase of any security had taken place: "At best, this was an attempt to repurchase Plaintiff's interest or mere negotiations." *Id.* at 6–7 (footnote omitted). The court therefore found itself without jurisdiction over the securities laws claims and granted summary judgment to appellees.

That was error. The "purchase or sale" of any security under 15 U.S.C. § 78j,[2] includes "any contract" to purchase or sell a security. 15 U.S.C. § 78c(a)(13) & (14). *Cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750–51, 95 S.Ct. 1917, 1932–33, 44 L.Ed.2d 539 (1975). Thus, fraud in the purchase or sale includes "[e]ntering

---

[1]. Threadgill contends that the August 1981 meeting and agreement were part of a larger scheme to defraud him of his interest in B & W. That scheme allegedly included fraudulently misrepresenting the financial accounts of B & W, systematically looting the corporation, allowing it to be dissolved by New York State for non-payment of taxes on June 25, 1980, and concealing the latter fact from appellant until after the 1981 meeting.

[2]. Threadgill's complaint referred to both 15 U.S.C. § 78j and 15 U.S.C. § 77q. The latter, however, provides relief only to defrauded *purchasers* of securities. *Simmons v. Wolfson*, 428 F.2d 455, 456 (6th Cir.1970), *cert. denied*, 400

into a contract of sale [of a security] with the secret reservation not to fully perform," *Walling v. Beverly Enterprises,* 476 F.2d 393, 396 (9th Cir.1973). There is no exception for oral contracts, *see Desser v. Ashton,* 408 F.Supp. 1174, 1177 (S.D.N.Y.1975); and summary judgment for the defendant has been denied on facts almost identical to those alleged here, *Oliver v. Bostetter,* 426 F.Supp. 1082 (D.Md.1977). Threadgill did not allege that he "negotiated" or "attempted" to sell his stock, but that he "entered into an agreement" of sale with appellees, Civil No. 82–0222, Complaint at 3, ¶ 10(g). Appellees denied that assertion, creating a contested issue of material fact which could not be resolved against appellants to grant appellees' motion for summary judgment. We therefore reverse and remand to the trial court for further proceedings consistent with this order.

We also vacate the district court's denial of appellants' motion to drop a party plaintiff. It is clear that issue would arise, if at all, in an entirely different context in light of our disposition of this appeal.

U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971). Since the facts alleged set forth a claim as a defrauded *seller,* that provision could not sustain the complaint.