53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kent MAERKI, Plaintiff-Appellant,
v.
Nick WILSON, Nancy M. Wilson; the Cellular Corporation,
Defendants-Appellees.
 No. 93-3857.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1995.
 
 Before: KEITH, JONES, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Kent Maerki is appealing the district court's dismissal with prejudice of his RICO action against Defendants Nancy and Nick Wilson claiming an interest in a cellular license application. We affirm the decision of the district court.
 
 I.
 
 2
 On March 12, 1986, Plaintiff Kent Maerki filed for bankruptcy. On March 18, 1987, that proceeding was converted to a Chapter 7 proceeding, and Leroy R. Bergstrom was appointed as the Chapter 7 trustee.
 
 
 3
 On March 8, 1991, Maerki, through his attorney Kevin Mirch, sent a letter to Defendant Nick Wilson, declaring that he owned 50% of The Cellular Corporation ("TCC"), and therefore owned an interest in a market award and construction permit issued by the FCC to Nick's wife, Nancy Wilson. On April 10, 1991, the Wilsons' attorney responded by letter that Nancy Wilson was the sole owner of her application and that the fact that Maerki might now own 50% of TCC was of no consequence because at the time the subject application was prepared, Maerki had no affiliation with TCC.
 
 
 4
 On April 30, 1991, Nancy Wilson filed an action in the United States District Court for the Northern District of Ohio against Maerki, seeking a declaratory judgment that she was the sole owner of the Illinois 1 franchise.
 
 
 5
 On May 20, 1991, Maerki filed this action in the United States District Court for the District of Nevada against Nick and Nancy Wilson and their counsel, Steve Wasserman. Maerki alleged RICO violations, breach of fiduciary duty, breach of contract, fraud, and intentional interference with business relations. On September 18, 1991, Defendants filed a motion to have this case transferred to Ohio, which was granted on March 19, 1992.
 
 
 6
 On May 15, 1992, the court ordered Maerki to file a RICO statement within 20 days or no later than June 15, 1992. Maerki filed the statement two days late on June 17, 1992. On June 19, 1992, Maerki filed a Motion to Compel Production without satisfying the requirements of Local Rule 8:7.4. Over the next year Maerki time and again filed documents late, made motions in violation of local rules, and failed to comply with discovery requests.
 
 
 7
 On September 17, 1992, the Wilsons filed a Motion for an Order to Join an Indispensable Party, namely Maerki's bankruptcy trustee, Mr. Bergstrom. Maerki timely responded that he was not opposed to the motion, and on October 7, 1992, the court ordered Bergstrom joined.
 
 
 8
 On December 15, 1992, Maerki filed a motion for summary judgment. On December 28, 1992, the Wilsons filed a motion to strike Maerki's motion on the grounds that it was not timely filed, that Maerki had not complied with Local Rule 8:8.1(f), and that Maerki had no standing to pursue this lawsuit because his claims belong to the bankruptcy estate. On January 5, 1993, the court deferred ruling on the motion to strike until Maerki and Bergstrom responded.
 
 
 9
 In late January, the court granted leave until February 8, 1993, for the Wilsons to file a motion to dismiss, with a response from Maerki and Bergstrom due by February 23, 1993. Rulings on all pending matters were deferred until this motion was decided. The motion and response were both filed.
 
 
 10
 On March 10, 1993, the court vacated the trial order and redesignated the case as complex. The court also noted that although Trustee Bergstrom had been joined five months earlier as an indispensable party, no complaint had been filed on his behalf. The court stated that such a complaint was absolutely necessary to a determination of the matters raised in the motion to dismiss, and warned Bergstrom that he would be dismissed from the action if he did not file a complaint by April 14, 1993. No complaint was filed.
 
 
 11
 On July 2, 1993, the district court dismissed the case with prejudice.
 
 
 12
 Maerki then appealed to this court.
 
 II.
 
 13
 In a detailed memorandum, the district court found four different grounds for dismissal of this action: (1) lack of standing pursuant to Federal Rule of Civil Procedure 17; and violations of (2) Rule 11, (3) Rule 37, and (4) Rule 41(b) of the Federal Rules of Civil Procedure. After a careful review of the record and consideration of the oral arguments made before this court, we affirm the decision of the district court.
 
 
 14
 First, we find the district court did not err in determining that Maerki lacked standing to bring his claim because the bankruptcy trustee, and not Maerki, was the real party in interest. Fed. R. Civ. P. 17(a); see 11 U.S.C. Sec. 541(a)(1); Burkett v. Shell Oil Co., 448 F.2d 59 (5th Cir. 1971); W.J.A. Productions, Inc. v. Barnett, 449 F. Supp. 690 (N.D. Ohio 1977). Maerki's argument that he does have standing pursuant to 11 U.S.C. Sec. 541(a)(6) was not raised below and we decline to consider it here in light of our affirmation of the other grounds for dismissal set forth by the district court.
 
 
 15
 This court reviews a district court's decision to impose sanctions under Federal Rule of Civil Procedure 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Green v. Hocking, 9 F.3d 18, 22 (6th Cir. 1993). Rule 11 allows a court to impose sanctions upon attorneys and/or parties who are responsible for filing documents with the court for improper purposes such as harassment or delay. Rule 11 prohibits assertions of frivolous claims or defenses, allegations or factual contentions lacking evidentiary support, and denials of factual contentions not reasonably based on a lack of information or belief. Fed. R. Civ. P. 11(b), (c). The district court found that Maerki and his counsel had violated Rule 11 by (1) maintaining this action while knowing that the claims belonged to the bankruptcy estate and that the claims had not been abandoned by the bankruptcy trustee; (2) retaining Mirch as counsel in this action while knowing that Mirch had not been authorized by the bankruptcy trustee to represent either Maerki or the bankruptcy estate in this matter; (3) maintaining this action despite the fact that the claims were never listed as potential assets of the bankruptcy estate; (4) basing claims in this action on alleged ownership interest of Maerki's which are contrary to sworn statements of Maerki's in other litigation; (5) failing to file documents on time and inaccurately completing certificates of service; and (6) generally taking a cavalier approach to the Federal Rules of Civil Procedure and the Local Rules of the district court.
 
 
 16
 In reviewing the record, we find that Maerki's arguments against the facts underlying the district court's conclusions on this issue do not stand up to scrutiny. The district court did not abuse its discretion in imposing the sanction of dismissal for blatant violations of Rule 11 by Maerki and his counsel.
 
 
 17
 Maerki argues that the district court improperly dismissed this action under Federal Rule of Civil Procedure 37. We review a district court's dismissal of an action as a sanction under Rule 37 for an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1975). The Supreme Court has made clear that "[t]he question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." Id. This court has articulated that factors this court should consider in reviewing such a dismissal include: (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered. Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir. 1988).
 
 
 18
 We find that Maerki's many discovery abuses warranted the district court's dismissal of this case. In National Hockey League, the Court, in reversing the Court of Appeals' reversal of the district court's dismissal for discovery abuses, stated the following:
 
 
 19
 While the Court of Appeals stated that the District Court was required to consider the full record in determining whether to dismiss for failure to comply with discovery orders, we think that the comprehensive memorandum of the District Court supporting its order of dismissal indicates that the court did just that. That record shows that the District Court was extremely patient in its efforts to allow the respondents ample time to comply with its discovery orders. Not only did respondents fail to file their responses on time, but the responses which they ultimately did file were found by the District Court to be grossly inadequate.
 
 
 20
 427 U.S. at 641-42 (citation omitted). We find that the instant case parallels this statement of the Court. We further find that the Wilsons were prejudiced by Maerki's failure to cooperate in discovery, and the court warned Maerki many times that failure to comply with discovery could result in sanctions. See Taylor, 861 F.2d at 986. The district court did not abuse its discretion in imposing the sanction of dismissal pursuant to Rule 37.
 
 
 21
 This court has consistently held that because a dismissal under Rule 41(b) operates as an adjudication on the merits, it is subject to a clearly erroneous standard of review. See Ang v. Procter & Gamble Co., 932 F.2d 540, 548 (6th Cir. 1991); Haskel v. Washington Township, 864 F.2d 1266, 1274-75 (6th Cir. 1988). We find no error in the district court's determination that Maerki's failure to comply with court rules and court orders throughout the case, provided grounds for dismissal under Rule 41(b).
 
 
 22
 In his briefs to this court, Maerki spent a significant portion of his arguments accusing the Wilsons of various violations of procedural rules. These accusations in no way excuse his own and his counsel's behavior in this case. Maerki has abused court processes, disregarded court orders, prevented substantive discovery of the factual bases for his claims, and wasted the limited resources of the federal judicial system. We find no abuse of discretion in the district court's dismissal of this case with prejudice. See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir. 1990).
 
 III.
 
 23
 For the reasons stated above we affirm the decision of the district court.