ORDER

PROST, Circuit Judge.
The United States moves for summary affirmance of the United States Court of Federal Claims’ judgment and order in Brown v. United States, No. 03-2761C (Jan. 29 and Mar. 10, 2004), dismissing Ronald E. Brown’s complaint and denying his motion for reconsideration. Brown opposes and moves for summary reversal.
Brown brought two actions in the Court of Federal Claims pertaining to allegedly flawed Officer Training Evaluation Reports (OERs) he received. On November 6, 2001, the Court of Federal Claims dismissed Brown’s claims for tort damages, declaratory and injunctive relief, which included constitutional claims, for lack of subject matter jurisdiction and granted the United States’ motion for judgment on the administrative record regarding Brown’s claims for correction of his military record. Brown filed an untimely RCFC 59 motion for reconsideration, which the Court of Federal Claims treated as a Rule 60(b) motion. After the motion was denied, Brown appealed to this court and, limiting review to the trial court’s denial of the 60(b) motion, we affirmed. Brown v. United Sates, 80 Fed.Appx. 676 (Fed.Cir.2003).
Shortly thereafter, Brown filed a second complaint with the.. Court of Federal Claims, reasserting the same constitutional claims previously dismissed for lack of jurisdiction. In dismissing Brown’s second complaint, the Court of Federal Claims held:
The court[’s prior decision] dismissed Mr. Brown’s constitutional claim for lack of subject matter jurisdiction, and Mr. Brown failed to perfect an appeal of that dismissal. Dismissal on jurisdictional grounds coupled with the failure to properly appeal preclude Mr. Brown from bringing a subsequent suit on the same claim in this court. “[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication on the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack.” Shaw v. Merritt-Chapman & Scott Corp., 554 F.2d 786, 789 (6th Cir.1977). Furthermore, “[i]f the district court had erred in dealing, or in failing to deal *431 with any issue thus involved, the remedy was by appeal____” Id. Thus the jurisdictional determination in the prior decision bars Mr. Brown from reviving his constitutional claim in this court.
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims’ dismissal of a complaint). The Court of Federal Claims was correct in concluding that its prior decision precluded Brown from raising the same issue in that court. See International Air Response v. United States, 302 F.3d 1363, 1369 (Fed.Cir.2002) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) for the proposition that: “ ‘A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment.’”). Thus, because no substantial question exists regarding the outcome of Brown’s appeal, the court summarily affirms the judgment of the Court of Federal Claims dismissing Brown’s complaint and order denying reconsideration.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to summarily affirm the judgment and order of the Court of Federal Claims is granted.
(2) Brown’s motion for summary reversal is denied.
(3) All remaining motions are moot.
(4) Each side shall bear its own costs.