Frank **GUZOWSKI**, Theresa Guzowski, Lorraine Guzowski, Raymond Guzowski, and Donald Guzowski, Plaintiffs–Appellants,

v.

Bernard **HARTMAN**, Herbert Tyner, James Karoub, Emanuel J. Sears, Detroit Racing Association, Inc., Hazel Park Racing Association, Inc., Defendants–Appellees,

Oxford Building Company, Defendant.

No. 86–1547.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 18, 1987.

Decided June 20, 1988.

Rehearing and Rehearing En Banc Denied Aug. 22, 1988.

P. David Palmiere, P.C., Bloomfield, Mich., for plaintiffs-appellants.

Irwin Alterman (argued), Hyman, Gurwin, Nachman, Friedman & Winkelman, Southfield, Mich., for defendants-appellees.

Before MERRITT, KRUPANSKY and NELSON, Circuit Judges.

MERRITT, Circuit Judge.

In this case, the appellants ("the Guzowskis") appeal from the May 12, 1986, order of the District Court for the Eastern District of Michigan dismissing their lawsuit on res judicata grounds. Because the District Court did not correctly apply the principles of res judicata in light of an earlier decision by this Court in a case involving virtually all of the same parties as the case before us today, we reverse the judgment of the District Court.

## I. *The 1981 Suit*

The Guzowskis first filed a lawsuit against appellees in federal court in 1981. The lawsuit ("the 1981 suit") alleged a concerted denial of racing privileges and opportunities at the Detroit Race Course and Hazel Park Race Course in violation of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, and in violation of 42 U.S.C. § 1983. The Guzowskis also alleged several pendent state law claims. In May 1982, District Judge Churchill dismissed the antitrust claims and the § 1983 claims. Judge Churchill allowed the Guzowskis to amend their complaint to set forth an antitrust claim for refusal to deal involving the denial of stall space at the tracks. An amended complaint was filed, but it was essentially unchanged, except for the addition of one sentence and the addition of new headings identifying Count One as "Conspiracy in Restraint of Trade" and Count Two as "Monopoly." In August 1982, Judge Churchill granted the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.

The Guzowskis appealed the dismissal of the count alleging refusal to deal to this Court. They contended that the District Court erred in dismissing the suit since the facts pleaded in the complaint were sufficient to sustain a cause of action for refusal to deal.

On November 28, 1983, a panel of this Court affirmed the judgment of the District Court. In an unpublished per curiam opinion, the panel held that the only conspiracy alleged in the "restraint of trade" section of the amended complaint was a conspiracy to illegally obtain sole control and use of the only licenses available for thoroughbred horse racing. Because the complaint did not allege a separate antitrust violation of refusal to deal involving the denial of stall space, the judgment of the District Court was affirmed. *Guzowski v. Hartman*, No. 82–1819, slip op. at 5–8 (6th Cir. Nov. 28, 1983 [723 F.2d 909 (TABLE)]) (per curiam).

In its per curiam opinion, the panel discussed the harshness of the sanction of dismissal but concluded that it had no choice but to dismiss, because the Guzowskis had been given a chance to amend and had still failed to state a claim. The opinion concluded with these words:

The Guzowski family has retained different counsel for this appeal from the attorney who represented them in the trial court. We sympathize with counsel's attempts to show that the original complaint adequately set forth a claim of refusal to deal, but that theory is . expounded for the first time in plaintiff's brief to this Court. "[A]n attempt to amend one's pleadings in an appellate brief comes too late." *Hanson v. Town of Flower Mound,* 679 F.2d 497, 504 (5th Cir.1982). *We note, however, that dismissal for failure to state a claim is without prejudice, and the Guzowskis are free to file a new complaint.* We affirm the judgment granting the motion to dismiss in this case, since the complaint as amended failed to state sufficient facts to support a claim of antitrust liability.

No. 82–1819, slip op. at 8–9 (emphasis added).

## II. *The 1984 Suit*

After losing their appeal to this Court, the Guzowskis filed a new lawsuit ("the 1984 suit"). The complaint in the 1984 suit again alleged that the defendants were determined to drive the Guzowskis out of the field of thoroughbred racing in Michigan. The Guzowskis sought damages under a variety of theories, including a Sherman Act refusal to deal claim, a claim under the Clayton Act, 15 U.S.C. §§ 14, 25, a § 1983 claim against defendant Sears in his capacity as Racing Secretary of Detroit Race Course and of Hazel Park Race Course, a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) alleging an antitrust conspiracy, and three pendent state claims.

The defendants filed a motion to dismiss or for partial summary judgment on the grounds of res judicata. The motion was referred to a magistrate. After hearing arguments, the magistrate issued his report and recommendation of dismissal to the District Court. The magistrate said that the complaint in the 1984 suit simply restated the original course of wrongful and injurious conduct that had been the subject of the 1981 suit. He stated that the dismissal of the 1981 suit for failure to state a claim was on the merits and therefore barred the 1984 suit.

The Guzowskis argued to the magistrate that the Sixth Circuit opinion in the 1981 suit, which stated that the dismissal was without prejudice, should control the preclusive effect of the judgment in the 1981 suit. The Sixth Circuit's prior ruling carried little weight with this magistrate, however:

[O]ne final, rather unique, question remains. Although the Court of Appeals, on appeal from the first dismissal, affirmed Judge Churchill's dismissal of the action in toto, the opinion added: "We note, however, that dismissal for failure to state a claim is without prejudice, and the Guzowskis are free to file a new complaint." The undersigned, frankly, is at a loss to explain the import of this remark.

As noted above, a dismissal for failure to state a claim *is* a judgment on the merits, and *does* preclude a second action on the same claim, *unless* the court affirmatively states otherwise. [citations omitted] The proposition advanced was only a "note," was not argued or briefed by the parties, and was not necessary to the actual decision. It is difficult to believe that the Court intended to rule upon the application, or overrule settled principles, of res judicata. Accordingly, it is recommended that the quoted remark by the Court of Appeals be deemed insufficient to justify maintenance of the present action, and the matter be left to the appellate court to explain or clarify if the case is again appealed to that level.

Magistrate's Report at 14–15.

The District Court did not reverse the magistrate's ruling. It dismissed the suit, interpreting the Sixth Circuit panel's clear statement to be without effect:

Although the Court of Appeals affirmed Judge Churchill's dismissal of the action, the opinion added: "We note, however, that a dismissal for failure to state a claim is without prejudice, and the Guzowskis are free to file a new complaint." This Court interprets this

sentence to be dictum and chooses to adopt the holding ... that a dismissal for failure to state a claim is a judgment on the merits, and does preclude a second action on the same claim.

Order Granting Motion to Dismiss at 5. This appeal followed.

### III. *Discussion*

Appellees argue that the magistrate and Judge La Plata were correct in holding that the Sixth Circuit panel's statement that the dismissal of the 1981 suit was without prejudice should be treated as dictum, and thus claim preclusion should bar the 1984 suit. Such an approach ignores the clearest and most elementary principles of res judicata which the magistrate and the District Court should have observed.

■ It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits *unless* the court specifies otherwise. *Shaw v. Merritt–Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir.), *cert. denied*, 434 U.S. 852, 98 S.Ct. 167, 54 L.Ed.2d 122 (1977); *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir.1968), *cert. denied*, 394 U.S. 998, 89 S.Ct. 1594, 22 L.Ed.2d 776 (1969). *See also* Restatement (Second) of Judgments § 26(1)(b) (1982).[1] While the District Court in the 1981 suit made no express

reservation of the Guzowskis' right to maintain a second action,[2] the opinion of the Sixth Circuit clearly modified the judgment of the District Court. The Sixth Circuit panel explicitly stated that the dismissal was without prejudice. Neither the magistrate nor the District Court is empowered to substitute his own judgment for that of the Court of Appeals,[3] a court higher than the magistrate or the District Court, and whose judgment they are obliged to follow.

■ Although it is therefore clear that the Guzowskis are not completely barred from bringing the complaint set out in the 1984 suit, it is not quite as obvious which specific theories of recovery they are entitled to litigate. When the Guzowskis appealed the dismissal of the 1981 suit, they only appealed the dismissal of what they then perceived to be their refusal to deal allegation. Thus the opinion of the Sixth Circuit modifying the judgment of the District Court only affects the theories of recovery that were appealed; the judgment of the District Court in the 1981 case is final with respect to the other theories in the 1981 complaint. Therefore, while claim preclusion does not bar the Guzowskis from bringing the 1984 suit, issue preclusion will bar the relitigation of whatever theories of recovery in the 1981 suit were not appealed.[4]

---

**1.** (1) When any of the following circumstances exists, the general rule ... does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

.    .    .    .    .

(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action.

.    .    .    .    .

**2.** It is undisputed that the District Court's dismissal standing alone, was on the merits and thus would be res judicata. Fed.R.Civ.P. 41(b) provides:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

*See also Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424,

2428 n. 3, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

**3.** See 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.416[2] (2d ed. 1984) ("When a judgment has been subjected to appellate review, the appellate court's disposition of the judgment generally provides the key to its continued force....").

**4.** Res judicata encompasses two forms of preclusion, claim preclusion under which "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Department Stores, Inc. v. Moitie*, 452 U.S. at 398, 101 S.Ct. at 2428, and issue preclusion, under which a decision precludes relitigation of the same issue on a different cause of action between the same parties once a court decides an issue of fact or law necessary to its judgment. *Duncan v. Peck*, 752 F.2d 1135,

Any theory of recovery that the Guzowskis pleaded in the 1981 suit which the District Court determined failed to state a claim and which the Guzowskis failed to appeal is thus precluded. That does not mean, however, that any facts that were the predicate for one of the Guzowskis' now-precluded theories of recovery have been "actually litigated" and decided against the Guzowskis. All that was "actually litigated" in the District Court in the 1981 suit was whether the Guzowskis' complaint stated a claim upon which relief could be granted. Thus the Guzowskis are precluded from bringing an action based upon one of the theories of recovery from the 1981 suit that was not appealed, but they are not precluded, in the course of litigating their claims in the 1984 suit, from litigating the facts upon which the earlier suit was based. While the determination of which of the Guzowskis' multiple theories of recovery are precluded is for the District Court on remand, at a minimum the Guzowskis' refusal to deal theory of recovery and their RICO theory of recovery are not precluded, because those theories arise out of the claim which was previously appealed to this Court.[5]

Accordingly, the judgment of the District Court on the res judicata issue is reversed, and the case is remanded to the District Court for the application of the doctrine of issue preclusion, as explained above, to the claims in the 1984 complaint and for further proceedings.

1138 (6th Cir.1985). *See* Restatement (Second) of Judgments § 27 (1982): "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." A dismissal for failure to state a claim is on the merits and is thus "actual litigation." *See* Restatement (Second) of Judgments § 27, comment d (1982) ("actually litigated" includes motions to dismiss for failure to state a claim).

5. The Guzowskis argued in District Court that the pendent state claims in the 1981 complaint were dismissed for lack of jurisdiction rather than for failure to state a claim. The District Court did not decide whether the 1981 pendent state claims were barred; instead, the District

KRUPANSKY, Circuit Judge, dissenting.

The plaintiffs-appellants in this case, various members of the Guzowski family (hereafter "Guzowskis" or "appellants"),[1] operate a family business which breeds and races thoroughbred horses. The Guzowskis had filed a complaint in federal district court in December 1981 (hereafter "1981 complaint") against various officers, directors, owners and license holders of thoroughbred race tracks who conduct racing meets within the State of Michigan, alleging that the appellees had engaged in a systematic practice of excluding them from the use of the race tracks and horse stalls and from participating in racing events in the State of Michigan.

The 1981 complaint alleged causes of action under §§ 1 and 2 of the Sherman Antitrust Act for violation of antitrust laws; under §§ 1983 and 1985(3) of the Civil Rights Act for violation of constitutionally protected rights; and for state law claims for breach of contract and tort. In May, 1982, the District Court dismissed the appellant's complaint in its entirety, concluding that the antitrust violations alleged were barred under the state action immunity doctrine; and that the § 1983 action failed to state a claim because there was no allegation of state action; that the § 1985(3) claim was similarly deficient because it failed to allege class or race discrimination.[2]

Court found in its discretion that it should not exercise jurisdiction over the state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Unlike a claim involving a federal question, the adjudication of a pendent claim is committed to the district court's discretion and is not mandatory. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 n. 2 (6th Cir.1978). The dismissal of a claim for lack of jurisdiction, though, is not a dismissal on the merits and thus has no res judicata effect. *See* Fed.R.Civ.P. 41(b).

1. The individual plaintiffs are Frank Guzowski, Theresa Guzowski, Lorraine Guzowski, Raymond Guzowski, and Donald Guzowski.

2. The district court also dismissed the pendent state law claims sounding in tort and contract.

In its order of dismissal the district court accorded the appellants leave to amend their complaint, but only to provide appellants with an opportunity to state an antitrust action outside of the state action immunity exception. The appellants filed an amended complaint which essentially alleged the same defective antitrust claim as had been pleaded in its initial complaint. The district court reviewed the amended complaint, concluded that it again was deficient, and entered an order of dismissal for failure to comply with the court's order to amend (1982 dismissal).

The Guzowskis appealed only the district court's decision concerning the section 1 Sherman Antitrust claim.[3] On November 28, 1983, in an unpublished per curiam opinion (hereinafter "1983 appeal"), a panel of this court affirmed the district court's 1982 dismissal of the antitrust claim under § 1 of the Sherman Antitrust Act with the observation that:

> [the] dismissal for failure to state a claim is without prejudice, and the Guzowskis are free to file a new complaint.

*Guzowski*, No. 82–1819, slip op. at 9 (6th Cir.1983). However, the panel, in its opinion, made no specific mention or determination that the district court had abused its discretion in dismissing the appellants' claims with prejudice.

In 1984, subsequent to the unfavorable disposition of the foregoing 1983 appeal, the Guzowskis filed a second action in federal court against essentially the same defendants (hereafter "1984 complaint"), alleging causes of action under the Sherman and Clayton Antitrust Acts; under § 1983 for violation of constitutionally protected rights; a cause of action for violation of the Racketeer Influenced and Cor-

rupt Organizations Act (RICO); and three pendent state claims sounding in tort and contract. The defendants filed a motion to dismiss the 1984 complaint, or alternatively for partial summary judgment, asserting the defense of res judicata based upon the district court's 1982 dismissal of the 1981 complaint.

The motion was referred to a magistrate, who concluded that the dismissal of the 1981 action had been with prejudice. Upon reviewing the unpublished per curiam opinion in the 1983 appeal, the magistrate concluded that the district court's dismissal had been affirmed without modification, and thus constituted an adjudication on the merits as to all of the claims presented. The district court adopted the magistrate's recommendation and dismissed the 1984 complaint as being precluded in its entirety. The Guzowskis have appealed the district court's order foreclosing them from pursuing their 1984 suit.

The majority opinion in the instant review correctly notes that ordinarily a district court's dismissal of a law suit would constitute an adjudication on the merits which would bar any subsequent action predicated upon a common nexus of operative law and fact. *See, e.g.,* Fed.R.Civ.P. 41(b);[4] *see also Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' "); *Shaw v. Merritt–Chapman & Scott Corp.,* 554 F.2d 786, 789 (6th Cir.) ("The sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication upon the merits, unless the district court specifies otherwise."), *cert. denied,* 434

---

**3.** The majority correctly observes that, because the Guzowskis did not appeal the district court's earlier dismissal of the claims predicated upon § 2 of the Sherman Antitrust Act, §§ 1983 and 1985, they were collaterally estopped from pursuing those causes of action in a subsequent action.

**4.** Federal Rule of Civil Procedure 41(b) states, in pertinent part, that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court,

a defendant may move for dismissal of an action or of any claim against the defendant.... *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule,* other than for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

Fed.R.Civ.P. 41(b) (emphasis added).

U.S. 852, 98 S.Ct. 167, 54 L.Ed.2d 122 (1977). Upon the brief observation in the unpublished 1983 per curiam opinion, the majority has reasoned that the 1983 appellate disposition had served to modify the district court's order to convert the 1981 dismissal of the appellants' antitrust action under section 1 of the Sherman Act from a dismissal with prejudice to a dismissal without prejudice, thereby opening the way for the plaintiffs to commence a subsequent action predicated upon the same core of law and fact.

The majority in the instant appeal errs in this conclusion. The 1983 panel could have modified the 1982 dismissal only if it had concluded that the district court had abused its discretion under Rule 41(b) in dismissing the 1981 complaint with prejudice. "[T]he scope of review over an order of dismissal accorded an appellate court is extremely narrow, confined solely to whether the control has been exercised within the permissible range of the trial court's discretion." *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855, 20 A.L.R.Fed. 482, 486 (2nd Cir.1972) (per curiam); *accord Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Bishop v. Cross,* 790 F.2d 38, 39 (6th Cir.1986); *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (6th Cir.1985) (per curiam); *Johnson v. Hubbard,* 698 F.2d 286, 290 (6th Cir.), *cert. denied,* 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980); *Shaw,* 554 F.2d at 789; *cf. Harris v. Callwood,* 844 F.2d 1254, 1257–61 (6th Cir.1988) (Ryan, J., dissenting).[5] However, the 1983

panel affirmed the district court's dismissal of the Guzowskis' 1981 antitrust action without ever considering the issue of whether the district court had abused its discretion in dismissing that action with prejudice. The issue was neither raised nor discussed by the parties to the 1983 appeal.

Because the panel in the 1983 appeal made no determination, either expressly or impliedly, that the district court had abused its discretion in dismissing the appellants' 1981 complaint with prejudice, I am constrained to conclude that the district court's 1982 dismissal with prejudice as to all of the appellants' claims must be given preclusive effect, and that the district court in the present appeal correctly concluded that the Guzowskis were barred by res judicata from bringing any cause of action in their 1984 complaint which had been, or could have been, brought at the time the 1981 action was filed. *Federated Dep't Stores, Inc.,* 452 U.S. at 398, 101 S.Ct. at 2428 ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). All of the counts alleged by the appellants in their 1984 complaint, including the claims under the Clayton Antitrust Act and RICO, arose from the same core of operative facts upon which the 1981 complaint had been based, and could thus have been brought at the time the 1981 complaint was filed.

Accordingly, I would affirm the order of the district court granting summary judg-

---

5. In *Harris,* a majority of the panel reversed a district court's dismissal of an action, with prejudice, based upon a failure to prosecute. (The standard of review is identical for both dismissal for failure to prosecute, as in *Harris,* and dismissal for failure to comply with a court's orders, as in the instant appeal. *Compare* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2370, at 203 & n. 98 *with id.* § 2376, at 248 & n. 59 *and* 5 J. Moore, J.D. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.12, at 41–157 & n. 35 (2nd ed. 1986); *see also* Fed.R.Civ.P. 41(b).) Judge Ryan dissented from the majority's decision to reverse the district court's dismissal under Rule 41(b) "without finding any

abuse of discretion or even acknowledging the existence of that standard," concluding that before an appellate court can alter or amend a district court's dismissal, it must first determine whether the district court had abused its authority in dismissing the particular action with prejudice based upon an examination of the individual facts presented. *Harris,* 844 F.2d at 1257 (Ryan, J., dissenting). In the instant case, the majority makes precisely the same error in concluding that the 1983 appeal had modified the district court's dismissal with prejudice where that panel neither acknowledged nor applied the abuse of discretion standard.

ment to the defendants as to all counts contained in the 1984 complaint.