861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. MOTT, Plaintiff,
Elaine Mott, Plaintiff-Appellant,
v.
Gerald C. KERNS, individually and in his official capacity
as a state policeman for the State of Michigan; Michael
Stamm, individually and in his official capacity as a state
policeman for the State of Michigan; Gerald L. Hough,
Director of the State Police for the State of Michigan;
Richard Doe, individually and in his official capacity as
shift Supervisor of the State Police for the State of
Michigan; and Michigan State Police, jointly and severally,
Defendants-Appellees.
 No. 87-2112.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Elaine Mott, appeals from the district court's order which dismissed her civil rights action brought pursuant to 42 U.S.C. Sec. 1983 (1982). For the following reasons, we affirm.
 
 I.
 
 2
 Elaine Mott and her husband, William Mott, filed a section 1983 action against the above-named defendants in the United States District Court for the Eastern District of Michigan in August of 1984. While the substance of the Motts's allegations is not relevant to this appeal, they essentially allege that the defendants illegally stopped and searched their vehicle and falsely imprisoned them.
 
 
 3
 Mr. and Mrs. Mott divorced in December of 1984. Approximately nine months later, the Motts's attorney withdrew from the case. Although another attorney filed an appearance on behalf of Mr. Mott in April of 1986, Mrs. Mott's new attorney did not file an appearance until October of 1986. Meanwhile, in June of 1986, the three-year statute of limitations for this section 1983 action expired.
 
 
 4
 On January 20, 1987, the district court dismissed Mrs. Mott from the case reasoning that (1) she was never properly named as a party because she failed to ratify the lawsuit and (2) that she failed to actively prosecute the case. However, on appeal, this court found that the sua sponte dismissal of Mrs. Mott for failure to prosecute was too harsh of a sanction given the circumstances in this case. In addition, we found that Mrs. Mott was entitled to a hearing before she was dismissed as a party. Thus, we remanded the case to the district court for a hearing to determine whether Mrs. Mott was a proper party by virtue of having ratified the actions of the attorney who filed the original suit. Mott v. Kerns, 825 F.2d 411 (1987).
 
 
 5
 After conducting an exhaustive hearing on remand, the district court found that Mrs. Mott did not establish active or interested participation in the lawsuit until after the applicable statute of limitations had run. The court also found that her failure to timely prosecute the claim had seriously prejudiced the defendants. Therefore, the district court again dismissed Mrs. Mott as a plaintiff and she again appealed her dismissal to this court.
 
 II.
 
 6
 We must affirm a district court's order to dismiss a party unless there is a clear showing that the district court abused its discretion under Fed.R.Civ.P. 41(b). Guzowski v. Hartman, 849 F.2d 252, 258 (6th Cir.1988). On remand in the instant action, the district court provided Mrs. Mott with an opportunity to show that she intended to be an active participant in this action. After reviewing all of the evidence, however, the district court found that Mrs. Mott "could not establish active or interested participation in the litigation until after the statute of limitations had run on her claim" and also that "she failed to prosecute her claim." J.App. at 288. Under these circumstances, the court determined that the sanction of dismissal was warranted.
 
 
 7
 Although the dismissal of a party should occur only in circumstances in which the party--rather than the party's attorney--fails to prosecute a claim, Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir.1980), we find that the district court did not abuse its discretion in dismissing Mrs. Mott from this civil rights action. Although we originally remanded this case to the district court to determine whether Mrs. Mott ratified the actions of the attorney who originally filed the case, the evidence presented to the district court on remand clearly indicates that Mrs. Mott failed to actively and timely prosecute her claim. Therefore, regardless of whether she ratified this lawsuit, we find that the district court did not abuse its discretion in dismissing Mrs. Mott's claim for her failure to prosecute it. Cf. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) ("A decision below must be affirmed if correct for any reason, including a reason not considered by the lower court.")
 
 III.
 
 8
 For the above-stated reasons, we hereby AFFIRM the district court's order.