**BRICKLAYERS LOCAL UNION NO. 1, OF TENNESSEE HEALTH AND WELFARE FUND, Bricklayers Local Union No. 1, of Tennessee Pension Plan, Plaintiffs,**

v.

**Augustus SHARKEY, d/b/a A & L Sharkey Masonry Contractor, Defendant.**

No. 84–2366.

United States District Court, W.D. Tennessee, W.D.

Sept. 28, 1990.

---

Deborah Godwin, Agee, Allen, Godwin, Morris & Laurenzi, Memphis, Tenn., for plaintiffs.

Donald Donati, Memphis, Tenn., for defendant.

## ORDER OF DISMISSAL WITH PREJUDICE

HORTON, District Judge.

On August 31, 1990, this court ordered the parties to State the Status of this cause. None of the parties complied. The court acting on it's own initiative, found that the defendant had discharged this claim in bankruptcy.

After reviewing the facts, law, and after careful consideration, the court finds that this cause should be dismissed with prejudice for the reasons stated below.

### Background

On May 14, 1987 plaintiffs filed this action pursuant to § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185; pursuant to §§ 505 and 515 of the Employee Retirement Income Security Act of 1974, (ERISA), as amended, 29 U.S.C. §§ 1132 and 1145, against an employer, Roy Sharkey, d/b/a Sharkey Masonry Company. Plaintiffs sought an accounting to the members of its union for pension fund payments.

On June 28, 1984, a joint stipulation was entered by the parties granting the defendant thirty (30) additional days to respond. On August 2, 1984, Augustus Sharkey filed a motion to dismiss or to quash service of process. Plaintiffs responded on August 9, 1984, asserting that a misnomer of defendant was not a proper ground for dismissal of the complaint. Accordingly, the plaintiff filed a motion to amend the original complaint on August 9, 1989. This motion was granted and the plaintiff submitted their amended complaint with Augustus Sharkey as the new defendant. On October 7, 1985, an order was entered extending the time that the defendants had to respond to said complaint. Defendants filed their answer on October 15, 1985.

On July 22, 1987, the defendant filed a petition in Bankruptcy and a stay was entered. (Bankruptcy Case No. 87–24482). On June 14, 1988, the parties were notified that the case would be continued indefinitely.

This Court filed an Order Directing Parties to State Status of Action on August 31, 1990. Within that notice the parties were given fifteen (15) days from the date of the order to comply. None of the parties complied.

### Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure states in pertinent part, that:

[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of action or of any claim against the defendant ... Unless the court in its order for dismissal under this subdivision of any dismissal not provided for in this rule, other than for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits. Fed. R.Civ.P. 41(b). (emphasis added).

In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734, Justice Harlan established that courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief." (quoted in *Harris v. Callwood*, 844 F.2d 1254, 1255 (6th Cir.1988).

In *Harris*, the court dismissed the case without prejudice because of plaintiff's failure to obtain new counsel and further prosecute the case, allowing sixty (60) days for reinstatement. *Id.* n. 1 at 1255. In the judge's order granting reinstatement a pretrial schedule was provided, upon which plaintiff claims was never received. *Id.* at 1255. The case was subsequently dismissed with prejudice, without providing notice to the plaintiff that dismissal with prejudice was contemplated. *Id.* The Sixth Circuit Court of Appeals reversed the district court's dismissal with prejudice.

*Harris v. Callwood,* 844 F.2d 1254 (6th Cir.1988).

The Sixth Circuit has frequently reversed district courts for dismissing cases because litigants failed to appear or comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal. *Id.* at 1256; *See, Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980) (penalty of dismissal applies only in "extreme situation" of deliberate delay or "contumacious conduct"); *Holt v. Pitts,* 619 F.2d 558, 562 (6th Cir.1980) (same); *Patterson v. Township of Grand Blanc,* 760 F.2d 686, 688 (6th Cir.1985) (same); *Bishop v. Cross,* 790 F.2d 38, 39 (6th Cir. 1986) (dismissal requires a "degree of willfulness, bad faith or contumacious conduct"). In all of these opinions, the district court was reversed for dismissing with prejudice. *Harris v. Callwood,* 844 F.2d at 1256 (Brown, J., concurring). The standard of review is identical for both failure to prosecute as in *Harris* and dismissal for failure to comply with a court's orders. *Guzowski v. Hartman,* 849 F.2d 252, 258 n. 5 (6th Cir.1988).

In the instant case, the Court has become aware of the granting of a discharge to the claim in this cause. The discharge was entered on January 26, 1988, neither of the parties notified this court of said action.

On August 30, 1990, this Court issued an Order Directing Parties to State Status of Action. Within that order the parties were given fifteen (15) days to reply … neither party replied. The granting of a discharge in bankruptcy "operates as an injunction against the … continuation of an action to … collect … any such debt as a personal liability of the debtor …" 11 U.S.C. § 524(a)(2). This is an injunction against the plaintiff's in this action. The plaintiffs had a right to direct appeal pursuant to Bankruptcy Rule 8001(a). The plaintiffs had ten (10) days from the date of entry of judgment to appeal the dismissal to the Clerk of the Bankruptcy Court. Bankruptcy Rule 8002(a). This too was not done. A noted authority, Collier on Bankruptcy, states, "[i]f notice of appeal is not filed, and no application to extend the appeal period is filed, the order [of the Bankruptcy Court] becomes final at the expiration of the appeal period. 3 COLLIER ON BANKRUPTCY section 524.02, page 524–19 (L. King 15th ed.1990) (footnotes omitted). The goal of a Chapter 7 bankruptcy is to give the debtor a "fresh start". Collier also asserts that the purpose of [§ 524's automatic permanent injunction] is to make it absolutely unnecessary for the debtor to do anything at all in the state court action. 3 Collier *supra,* at pg. 524–9.

The decision to dismiss this cause is influenced by several factors. First, the parties have failed to respond to the order of status of action. Second, the granting of discharge to defendant Sharkey operates as a permanent injunction for the discharged creditor against any attempts by the plaintiffs in this action to collect the discharged debt. Finally, the plaintiffs in this action have also failed to perfect their rights to appeal the discharge of defendant Sharkey, pursuant to Bankruptcy Rule 8001 et seq. The sum total of the parties failure to notify the Court of the status of the bankruptcy action and the failure to respond to the Court status of action order compel this court to exercise that "inherent power", found to exist in *Link,* 370 U.S. at 630, 82 S.Ct. at 1389, i.e. to remove this dormant and now moot case from the it's docket. Failure to do any less would undermine the plain language of Section 524(a)(2) of the Bankruptcy Code, accordingly this action is dismissed with prejudice.

It is so Ordered.