925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny NUNN, Plaintiff-Appellant,
v.
Darren BRACEY, Fate Thomas, Joan Miller, and Metropolitan
Government of Nashville and Davidson County,
Defendants-Appellees.
 No. 89-6308.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1991.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, No. 89-00064; Wiseman Jr, C.J.
 M.D. Tenn.
 REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
 Before BOYCE F. MARTIN, JR. and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a pro se prisoner's action brought under section 1983. The district court found the plaintiff's claims to be frivolous and dismissed the case. We conclude, however, that the district court prematurely dismissed this case; therefore, we remand to allow plaintiff to proceed with appointed counsel.
 
 
 2
 * Plaintiff-appellant Danny Nunn filed this pro se complaint under 42 U.S.C. Sec. 1983 on June 6, 1989. Named as defendants were Darren Bracey, a corrections officer at the Criminal Justice Center ("CJC") of the Metropolitan Government of Nashville and Davidson County; Fate Thomas, Sheriff of Davidson County; Joan Miller, director of the medical clinic at the CJC; and the Metropolitan Government. The district court gave Nunn permission to proceed in forma pauperis. In 1988, Nunn had filed a similar section 1983 suit, based on the same facts as the instant case, against Fate Thomas and Joan Miller. The 1988 suit was dismissed without prejudice on September 29, 1988.
 
 
 3
 Nunn, an epileptic who is subject to severe seizures, was arrested and incarcerated at the CJC on February 21, 1988. For three weeks, Nunn alleges that he was not provided with the medication he needed to control his epilepsy despite repeated requests. Nunn informed Bracey, who had immediate supervisory control over him, of his medical needs. Bracey told Nunn to contact his supervisors. Nunn also requested medication from Miller, the director of the CJC medical clinic, who said that she would inquire into the matter but failed to provide the medication. Nunn also states that he informed jail officials that he needed a bottom bunk due to his medical condition. Nunn nevertheless was assigned a top bunk, from which he fell during an epileptic seizure. Nunn injured his head, knocked out two front teeth, and cut his tongue. J.App. at 27. In his section 1983 suit, Nunn seeks monetary damages and injunctive relief for deliberate indifference to his serious medical needs.
 
 
 4
 On June 20, 1989, the case was referred to Magistrate Kent Sandige to determine if the matter was malicious or frivolous under 28 U.S.C. Sec. 1915(d).[1] The Magistrate's Report and Recommendation was filed on August 23, 1989. The Magistrate recommended dismissal of the allegations against Thomas and Miller because Nunn failed to allege facts indicating that they participated in or were aware of the wrongs alleged in the complaint. The Magistrate found that the claims against Miller and Thomas were based on someone else's failure to act, and that respondeat superior is not a basis for imposing liability under section 1983. The Magistrate also stated that "[a]lternatively", the claims against Miller and Thomas should be dismissed based on the res judicata effect of the dismissal without prejudice of Nunn's 1988 lawsuit. Dismissal of the section 1983 complaint against Metropolitan Government was recommended because Nunn failed to allege that the misconduct was a result of a policy or custom. The Magistrate also found that the claim against Bracey should have been dismissed because Bracey did not actually deny Nunn medication, he simply "informed plaintiff that he should seek his medication from the floor supervisor and not him. Such a claim fails to rise to the level of a constitutional level[.]" J.App. at 30.
 
 
 5
 Nunn filed objections to the Magistrate's report on September 18, 1989, arguing that the district court's failure to appoint counsel had prevented him from effectively articulating his cause of action. On September 20, 1989, the U.S. District Court for the Middle District of Tennessee, Chief Judge Thomas A. Wiseman, Jr., presiding, adopted the Magistrate's report in its entirety and dismissed the complaint. This appeal followed.
 
 II
 
 6
 * We first examine the district court's dismissal of Nunn's pro se complaint as frivolous under section 1915(d). Allegations contained in pro se complaints, " 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[.]' " Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (citation omitted). Moreover, "[s]uch a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 10.
 
 
 7
 Nunn's complaint alleges that defendants exhibited deliberate indifference to his medical needs during his pretrial detention. Nunn relies on the protections afforded by the due process clause of the fourteenth amendment. See City of Revere v. Massachusetts Gen. Hospital, 463 U.S. 239, 244 (1983); Estelle v. Gamble, 429 U.S. 97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under Sec. 1983."). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." 429 U.S. at 106.
 
 
 8
 Regarding Bracey, the jailer who first learned of Nunn's epilepsy, Nunn alleges that Bracey was repeatedly made aware of his condition but deliberately failed to act. Defendants argue that Bracey did not actually deny Nunn's request, but only told Nunn he would speak with his supervisors about it.
 
 
 9
 In this case, we cannot discern a significant difference between actually denying a request and being aware yet failing to act. If the allegation in the complaint is true, then Nunn would have proved a fact in support of his claim which would entitle him to relief. As we are required to accept the allegations in the complaint as true, we conclude that the district court erred in dismissing Nunn's claims against Bracey.
 
 
 10
 As to Miller, the director of the CJC medical unit, the Magistrate properly declared that respondeat superior cannot be a basis for liability under section 1983. Nunn must demonstrate that Miller "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" Hays v. Jefferson Cty., Ky., 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Miranda v. Munoz, 770 F.2d 255, 260 (1st Cir.1985) ("Supervisors need not have actual knowledge of the specific incident at issue, however, if they had the power and duty to alleviate the conditions which led to the violation."). In the instant case, Nunn alleges, and defendants appear to concede, that Nunn asked Miller directly for medication and that she said she would look into it. Thus, we find that Nunn has alleged facts that, if true, would show that Miller was deliberately indifferent to his medical care.
 
 
 11
 The complaint against Sheriff Thomas is based on numerous written complaints filed by Nunn against the CJC. Because Thomas was made aware of Nunn's needs through the complaints, Nunn argues that he acquiesced in the indifference to Nunn's care and is thereby liable under section 1983. If true, Nunn's allegations would support a claim that Thomas "knowingly acquiesced" in a constitutional violation. Thus, we also find that the district court erred in dismissing Nunn's claim against Thomas.
 
 
 12
 In order for Nunn's claim against the Metropolitan Government of Nashville and Davidson Counties ("Metro") to survive, he must allege that he was deprived of a constitutionally-guaranteed right by a policy or custom of the municipality. Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978). The district court dismissed the complaint against Metro because Nunn did not assert any policy or custom. Nunn now argues that his rights were violated by an unconstitutional custom because: (1) the grievance procedures did not resolve his lack of medical treatment, and (2) if Bracey and Miller were derelict, then it must be due to Metro's policy of inadequate supervision and training. These arguments are not supported by any factual allegations which would show that Metro's policy resulted in a violation of Nunn's constitutional rights. Therefore, we affirm the dismissal of Metro.
 
 B
 
 13
 The Magistrate also found that Nunn's claims against Miller and Thomas were barred by the res judicata effect of the dismissal without prejudice of Nunn's 1988 suit against Thomas and Miller. The 1988 suit was dismissed to allow Nunn to name specific persons who were deliberately indifferent to his medical problems. J.App. at 17 (Order of Judge Higgins). When Nunn refiled, Bracey and Metro were added as defendants. Nunn now argues that res judicata cannot apply because dismissal without prejudice is not an adjudication on the merits, citing Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir.1988) ("It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits unless the court specifies otherwise.") (emphasis in original).
 
 
 14
 Defendants also rely on Guzowski, but for the proposition that "the claims of a plaintiff which had been dismissed for failure to state a claim and not appealed could not be re-litigated in a second lawsuit between the same parties." Defendants' Brief at 5. Thus, assert defendants, the claims against Thomas and Miller should be automatically barred because they were parties to the first suit. (Defendants concede in their brief that res judicata cannot apply to the claims against Bracey and Metro.)
 
 
 15
 In Guzowski, 849 F.2d at 253-56, plaintiffs brought a three-count action in 1981. After giving plaintiffs the opportunity to amend, the district court granted defendant's motion to dismiss for failure to state a claim. This court affirmed, but noted that the dismissal was without prejudice so that plaintiffs could refile. In 1984 plaintiffs refiled, alleging the same three claims, as well as several new ones. The district court regarded the Sixth Circuit's observation that the 1981 dismissal was without prejudice as dictum, and dismissed the 1984 suit citing the res judicata effect of the 1981 suit. This court reversed the dismissal of the 1984 suit, but held that the plaintiffs were "precluded from bringing an action based upon one of the theories of recovery from the 1981 suit that was not appealed, but they are not precluded, in the course of litigating their claims in the 1984 suit, from litigating the facts upon which the earlier suit was based." Id. at 256.
 
 
 16
 Nunn did not appeal the dismissal of his 1988 suit against Miller and Thomas. The district court, in dismissing without prejudice, must have considered that Nunn was proceeding pro se and that the technical difficulties of presenting his case were considerable. Defendants, apparently, read Guzowski to stand for the proposition that a dismissal of a claim without prejudice is transformed into a dismissal with prejudice because Nunn failed to appeal. We disagree. As the district court's dismissal of the 1988 suit was explicitly without prejudice, we find that the instant suit--with respect to all four defendants--is not barred by res judicata. 9 C.Wright & A. Miller, Federal Practice and Procedure Sec. 2373 (1971) ("The court may always specify that a dismissal is without prejudice. This creates no problem and a suit is not barred." ).
 
 III
 
 17
 Nunn next argues that the district court abused its discretion in not appointing counsel. Under 28 U.S.C. Sec. 1915(d), the appointment of counsel in a civil case is a matter within the discretion of the trial court. The district court's refusal to appoint counsel for a pro se plaintiff is reviewed under an abuse of discretion standard. Childs v. Pellegrin, 822 F.2d 1382, 1384-85 (6th Cir.1987).
 
 
 18
 In light of our conclusions above, we find that the district court abused its discretion in not appointing counsel because: (1) Nunn presented a colorable claim, (2) he is indigent, and (3) he is "unable to properly present [his] case without the assistance of competent counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir.1985). Other factors which favor the appointment of counsel are the complexity of the legal issues involved (e.g., section 1983 supervisory liability and the "deliberate indifference" standard), and the fact that the case involves some conflicting testimony. Maclin v. Freake, 650 F.2d 885, 887-88 (7th Cir.1981) (reversing summary judgment for defendant in section 1983 case and remanding for appointment of counsel). On remand, the district court shall appoint counsel for Nunn.
 
 IV
 
 19
 We reverse the dismissals as to defendants Thomas, Bracey, and Miller, affirm the dismissal of Metro, and remand for proceedings on the merits, with the district court appointing counsel for Nunn.
 
 
 20
 ENGEL, Senior Circuit Judge, dissenting.
 
 
 21
 I respectfully dissent from the majority's opinion insofar as it reverses the dismissal of the action against defendants Thomas and Miller. As to those defendants I believe the instant suit is barred on principles of res judicata by reason of the dismissal of a similar suit against them brought on the same facts in 1988. Nunn did not appeal from the 1988 dismissal of his first suit against defendants Miller and Thomas. It is altogether clear from the record that, right or wrong, the magistrate's dismissal as to those defendants was for failure to state a claim upon which relief could be granted under federal rule 12(b)(6). That the dismissal was otherwise without prejudice is equally clear, but there could be no mistake in anyone's mind that this reservation was intended to apply to persons other than the specifically named defendants. Magistrate Haynes' dismissal of the first complaint recommended that the action be dismissed "without prejudice for the plaintiff to name any specific persons at MCJC whom the plaintiff believes to have been deliberately indifferent to his serious medical problems." He found that there were "no allegations that either Miller or Thomas were aware or participated" in the denial of Nunn's prescribed medication. United States District Judge Higgins adopted the magistrate's report and entered judgment thereon.
 
 
 22
 Thereafter Nunn was free to name persons other than those he had already unsuccessfully sued who might have participated in the alleged deprivation of his constitutional rights. He did so by naming Darren Bracey and the Metropolitan Government of Nashville as he was entitled to do under the dismissal without prejudice. If he had had sufficient evidence or had pleaded an adequate claim against Miller and Thomas and disagreed with the magistrate and trial judge's decision to the contrary it was incumbent upon him to appeal.
 
 
 23
 It is true that in Guzowski v. Hartman, 849 F.2d 252 (6th Cir.1988), our court held that where a prior claim was dismissed without prejudice for failure to state a claim upon which relief could be granted, a subsequent claim based upon the same wrongs was not barred by res judicata. Our court had earlier stated that the dismissal in that case was without prejudice. Guzowski held that the issues which had not been appealed to the court were barred by issue preclusion but the overall claims could be refiled for those issues which had been appealed. I find nothing there inconsistent with the lower court's action here, especially where the dismissal was so plainly intended to be final as to the named defendants, but expressly preserved Nunn's right to sue others not named in the first complaint.
 
 
 24
 I recognize that Nunn has proceeded without counsel and in forma pauperis in the district court and that some liberality may be indulged. I do not think that this circumstance can justify the avoidance of what I consider to be the clear legal consequence of the court's prior action and the finality which attaches to it. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986) (res judicata provides that a final decision on the merits bars a subsequent action between the same parties on that claim or any part thereof); Reidt v. United States, 13 Cl.Ct. 741 (1987) (same).
 
 
 25
 Both the magistrate and the district judge found that no claim had been stated against defendants Miller and Thomas in the first suit, and the district court dismissed with the intention that Nunn find persons against whom liability could be alleged on theories other than respondeat superior. Nunn's allegations against these two defendants were evidently not significantly different the second time around. Dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a "judgment on the merits" for the purpose of res judicata doctrine. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981). Tennessee law is the same as federal law: "a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." Dyer v. Intera Corp., 870 F.2d 1063, 1066 (6th Cir.1989). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). "[W]hen a prior action was dismissed because the plaintiff made an inadequate effort to plead a legally recognizable claim and a second action is brought on an improved complaint ... most federal and state courts hold that the second action is precluded." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction Sec. 4439 (1981). Nunn, by the first judgment remained free to sue others whom he might find liable, but I see no basis in law for permitting him to renew the same litigation against the persons whom he had already sued.
 
 
 26
 Since the majority has seen fit to preserve the action against all of the defendants, except the Metropolitan Government, in that event I have no objection to the majority's determination that counsel ought to be appointed, if indeed Nunn is indigent.
 
 
 
 [1]
 Section 1915(d) provides in full that:
 The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 28 U.S.C. Sec. 1915(d)(1988).