81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher Allen WALLACE, Plaintiff-Appellant,
v.
UNITED STATES of America; Max Boehringer; Bill Burlington,
Defendants-Appellees.
 No. 95-5502.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: KEITH, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Christopher Allen Wallace appeals a district court order dismissing his complaint filed pursuant to the Federal Tort Claims Act (FTCA). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wallace sued the United States Attorney General and several officials of the Federal Bureau of Prisons, alleging FTCA claims and claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The district court concluded that Wallace had not exhausted the administrative remedies for his FTCA claims and dismissed those claims without prejudice. The district court further concluded that Wallace's Bivens claims were without merit and dismissed the case. Wallace's subsequent appeal from this judgment was dismissed after this court denied his request to proceed in forma pauperis and Wallace did not pay the filing fee.
 
 
 3
 Wallace then filed another suit in the district court, reasserting his claims under the FTCA. With his complaint, Wallace presented evidence that he had now exhausted his administrative remedies. Over Wallace's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Wallace's claims were barred by the doctrine of res judicata, and dismissed the case as frivolous. Wallace has filed a timely appeal and we construe his briefs as adequately challenging the district court's dismissal of his FTCA claims on the basis of res judicata.
 
 
 4
 Upon review, we conclude that the district court improperly dismissed Wallace's claims as frivolous. We review the district court's dismissal of Wallace's claims as frivolous for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous only when the plaintiff does not present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 The district court abused its discretion in dismissing Wallace's claims on the basis of res judicata. In Wallace's initial suit, the district court dismissed his FTCA claims without prejudice because Wallace had not exhausted his administrative remedies. In the current suit, Wallace provided the district court with evidence that he has now exhausted his administrative remedies. As the district court dismissed Wallace's FTCA claims without prejudice in the first suit, res judicata does not bar Wallace from raising those claims in his present suit. See Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir.1988) (res judicata does not apply to claims previously dismissed without prejudice).
 
 
 6
 Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.