958 F.2d 742
 Fed. Sec. L. Rep. P 96,854, 22 Fed.R.Serv.3d 64
 Richard E. HOOVER; John H. Stewart, Jr., Plaintiffs-Appellants,
v.
LANGSTON EQUIPMENT ASSOCIATES, INC.; Barrister Associates;
Barrister Equities, Ltd.; Paul F. Belloff; Robert Gold;
Irving Cohen; Winfield Collection; the Madison Library,
Inc.; Jonathan T. Bromwell Associates, Inc.; Buchman,
Buchman & O'Brien, Defendants-Appellees.
 No. 91-3457.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 31, 1991.
Decided March 12, 1992.
 
 Mark B. Cohn (argued), Jeffrey A. Huth (briefed), McCarthy, Lebit, Crystal & Haiman, Cleveland, Ohio, for plaintiffs-appellants.
 David B. Cathcart, Mansour, Gavin, Gerlack & Manos, Cleveland, Ohio, Carol A. Jablonski, Jaff & Asher, New York City, James F. Koehler (argued and briefed), John F. Hill, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for defendants-appellees.
 Before MERRITT, Chief Judge, NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Between December 15, 1980 and February 15, 1982, plaintiff Richard E. Hoover purchased limited partnership interests in defendant businesses Langston Equipment Associates and the Winfield Collection. During the same period, plaintiff John H. Stewart purchased a limited partnership interest in Langston Equipment Associates. The defendants include an array of limited partnerships, general partnerships, corporations, corporate officers, individuals who are partners in general partnerships, and a law firm that issued tax opinions. Plaintiffs claim that defendants misrepresented the nature of these businesses, the value of the securities, and the tax benefits of the investments, all with the intent to induce plaintiffs to purchase securities. Neither business generated a profit, plaintiffs' investments did not earn a significant return, and the I.R.S. disallowed the claimed tax benefits.
 
 
 2
 Plaintiffs filed suit on October 30, 1986 in five counts. Count One charged violation of § 10(b) and Rule 10(b)-5 of the 1934 Securities Exchange Act; Count Two, violation of Ohio statutes concerning omissions disqualifying securities from exemption under state law; Count Three, common law fraud; Count Four, RICO; and Count Five, breach of fiduciary duty.
 
 
 3
 With respect to all counts plaintiffs alleged that they did not discover "the fraudulent scheme or untrue statements or omissions until approximately January 1, 1986."
 
 
 4
 All defendants with the exception of Buchman, Buchman & O'Brien moved to dismiss on the ground that all claims were barred by applicable statutes of limitations. They also asserted that Counts One, Three, and Four failed to comply with Fed.R.Civ.P. 9(b)'s requirement that averments of fraud or mistake be pleaded with particularity. With respect to the RICO count, defendants asserted that plaintiffs had not adequately pleaded an "enterprise" and a "pattern of racketeering activity." As to Count Five, defendants asserted that the existence of a fiduciary relationship had not been pleaded adequately.
 
 
 5
 At the time the judge ruled on the motions to dismiss the statute of limitations governing the federal securities claims asserted in Count One was the four-year Ohio statute relating to common law fraud. Silverberg v. Thomson McKinnon Securities, Inc., 787 F.2d 1079, 1082 (6th Cir.1986). The court granted the motions to dismiss because the face of the complaint showed that four and one-half years had expired since the last alleged wrong had occurred. Plaintiffs had alleged that they did not discover the wrongs until approximately January 1, 1986 but the court held "this bare assertion of delayed discovery [ ] insufficient to prevent the statute of limitations from running."
 
 
 6
 We review the district court's dismissal of plaintiffs' complaint de novo. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir.1990).
 
 
 7
 Because Rule 9(f) makes allegations of time material, defendants' motion to dismiss for failure to satisfy the statute of limitations was properly granted.
 
 
 8
 Under the normal rules of pleading, the statute of limitations is an affirmative defense and must be raised in the answer. Since Rule 9(f) makes allegations of time material, however, the defense of the statute may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed. Thus, although Rule 9(f) apparently was designed simply to require a higher level of information in the pleadings, the federal courts have employed the rule as a screening device for time-barred claims and this seems consistent with general policies set forth in Rule 1 of achieving a just, speedy, and inexpensive adjudication of complaints.
 
 
 9
 5 Wright and Miller, Federal Practice and Procedure, § 1308, p. 695 (West 1990); see also 5A Wright and Miller, Federal Practice and Procedure, § 1357, pp. 350-54 (West 1990). The Sixth Circuit has adopted the view, at least in cases where the face of the complaint discloses a failure to file within the time allowed, that the plaintiff may come forward with allegations explaining why the statute of limitations should be tolled.[1] Plaintiff's ignorance of its cause of action does not by itself satisfy the requirements of due diligence and will not toll the statute. Campbell v. Upjohn Co., 676 F.2d 1122, 1126 (6th Cir.1982) (citing Akron Presform Mold Co. v. McNeil Corp., 496 F.2d 230, 233 (6th Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974)). See also Auslender v. Energy Mgmt. Corp., 832 F.2d 354, 356 (6th Cir.1987) (plaintiff had not pleaded fraudulent concealment but court held plaintiff had an affirmative burden to plead "circumstances which would indicate why the alleged fraud was not discovered earlier and which would indicate why the statute should be tolled").
 
 
 10
 Plaintiffs assert that they are required to plead only the date of discovery and that they are not required to plead a matter such as fraudulent concealment that applies to tolling the statute. Their theory is that their cause of action did not accrue until discovery, the statute of limitations did not commence to run until that day, and they are required to state no more than this. Plaintiffs ignore the principle articulated above by Wright and Miller. A plaintiff can, of course, affirmatively allege concealment. If plaintiff does, the requirements that must be met are set out in Dayco. But it is not true, when the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, that plaintiff may escape the statute by saying nothing. The district court did not err in dismissing the complaint pursuant to the Ohio statute of limitations.
 
 
 11
 The district court dismissed the complaint on April 17, 1991. On June 20, 1991 the Supreme Court decided Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). The Court departed from previous jurisprudence that borrowed state statutes of limitations for § 10(b) and Rule 10(b)-5 cases and announced a federal rule that litigation under § 10(b) and Rule 10(b)-5 must be commenced within one year after discovery of the facts constituting the securities violation and within three years after such violation. The complaint in this case was filed within one year after discovery but not within three years after the alleged violation. Because we have held that the court did not err in dismissing the complaint pursuant to the longer Ohio statute, we do not need to consider whether Lampf 's shorter standard should be applied to this case, which was on appeal when Lampf was decided.
 
 
 12
 The district court did not err in its alternative ground for dismissing Count One pursuant to Rule 9(b), that plaintiffs had not alleged with specificity who had made particular misrepresentations and when they were made but rather plaintiffs had articulated general averments of fraud attributed to "the defendants." The complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged.
 
 
 13
 Plaintiffs have admitted that Count Two is time-barred by operation of the Ohio statute.
 
 
 14
 With respect to Count Four, the court did not err in dismissing the count on grounds that the four year federal statute of limitations for civil RICO actions had expired. See Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987) (establishing four year limitations period for civil RICO actions). Additionally, the court dismissed Count Four for failure to allege with specificity the enterprise and the pattern of racketeering pursuant to Rule 9(b). We need not address this issue since the count is time-barred.
 
 
 15
 Because the federal claims were found time-barred, the court dismissed without prejudice the pendent state claims contained in Counts Three and Five for want of jurisdiction. This was not error.
 
 
 16
 When plaintiffs filed a response to the motions to dismiss they also sought leave to amend their complaint should the court find the motions well taken. A district court's denial of plaintiff's request to amend its complaint pursuant to Rule 15(a) is reviewed for abuse of discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). A court is within its discretion to refuse amendment and dismiss the complaint if it "concludes that the pleading as amended could not withstand a motion to dismiss." Martin v. Associated Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir.1986); accord Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), modified, 856 F.2d 111 (1988) ("if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied ... if amendment would be futile"). Because the judge's order dismissed the instant case without qualification, the case was finally adjudged for purposes of Rule 41(b) and plaintiffs had no right to amend their complaint. See Guzowski v. Hartman, 849 F.2d 252, 255 n. 2 & 4 (6th Cir.1988). Bearing in mind the age of this case (four and one-half years when the district court ruled), the plaintiffs' eleven month delay in responding to the motions to dismiss, and the paucity of pleading in Count One that we have discussed above, we cannot say that the district court abused its discretion in not granting leave to plaintiffs to amend.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 If plaintiff asserts fraudulent concealment as a basis for tolling, it must plead three elements: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Dayco Corp. v. Goodyear Tire and Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)