Fred PETERS, Petitioner–Appellant,

v.

Rondle ANDERSON, Respondent–Appellee.

No. 01–1450.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Dec. 17, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana prisoner Fred Peters and another inmate were charged with fighting. A Conduct Adjustment Board ("CAB") found Peters guilty of battery and sanctioned him with deprivation of 90 days' earned credit time and demotion to credit-time earning class II. After exhausting available state remedies, Peters petitioned under 28 U.S.C. § 2254 to overturn these sanctions. The district court dismissed the petition, and Peters appeals. We affirm.

Peters claims that his due process rights were violated because of various procedural defects in the CAB hearing. Indiana prisoners have a protected liberty interest in earned credit time. *McPherson v. McBride,* 188 F.3d 784, 785 (7th Cir.1999). An inmate may not be deprived of earned credit time without receiving the minimal safeguards of due process, which include advance written notice of the charges; an opportunity to present witnesses and documentary evidence; and a written explanation of the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Due process also requires that the inmate receive a fair hearing before an impartial

CAB. *Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992). The CAB's decision must be supported by "some evidence." *Superintendent Mass. Corr. Inst.*, 472 U.S. at 454, 105 S.Ct. 2768.

■ First, Peters contends that prison officials violated institution policy and his due process right to notice by postponing his disciplinary hearing for several days. The purpose of the notice requirement is to give inmates facing disciplinary measures knowledge of the charges and an opportunity to prepare an adequate defense. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). Peters has not demonstrated that the delay in his hearing denied him due process or prejudiced him in any way. Indeed, the delay was more likely to have enhanced than impeded Peters's ability to marshal a defense. Moreover, alleged violations of prison policy that do not implicate due process are matters of state law and cannot be the basis of habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir.1997).

■ Second, Peters argues that the CAB was not impartial because two of its members, Lt. Cambe and R.W. Roose, were defendants in a previous and unrelated lawsuit Peters filed in district court under 42 U.S.C. § 1983. That Peters sued Cambe and Roose does not automatically render them biased. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir.1983). A CAB member who is directly or substantially involved in the incident underlying a disciplinary hearing cannot be impartial. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir.2000). But due process does not require automatic disqualification of CAB members who are defendants in unrelated lawsuits brought by an inmate facing a disciplinary hearing. *Redding*, 717 F.2d at 1113. Prisoners often sue multiple defendants with only tenuous connections to the factual bases of their complaints, and just being named in a lawsuit is not enough to disqualify a prison employee from serving on a CAB. Peters was required to show more, e.g., that Cambe and Roose had significant personal involvement in the events underlying his lawsuit. *Id.* In his § 2254 petition Peters merely alleged that he filed a suit in which Cambe and Roose were named defendants. He did not allege additional facts concerning the lawsuit that if true would suggest that Cambe and Roose could not serve as impartial CAB members, and so the district court properly resolved this contention against him.

■ Peters further alleges that he was deprived of his right to present witnesses at his disciplinary hearing. The CAB, he says, refused to consider the testimony of several inmates who were willing to testify on his behalf. At his screening hearing Peters did not request these witnesses because he had not yet identified them, but said when he learned their names he would procure statements from them. Peters says that he later identified five inmate witnesses, but that the CAB refused to consider their written statements attesting that Peters was attacked by another inmate and did not fight back.

The state acknowledges here that Peters tendered these statements during his administrative appeal, but contends that the record does not demonstrate that he presented them earlier to the CAB when it mattered. *See McPherson*, 188 F.3d at 786 (due process does not require consideration of evidence on administrative appeal that could have been presented at inmate's disciplinary hearing). The CAB noted in its hearing report that Peter waived his right to present witnesses, not that Peters offered witness statements that the CAB declined to consider. Even if Peters did present these statements, however, the CAB's refusal to consider

693

them was harmless error. *See Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir.1991) (harmless error analysis applies to prison disciplinary proceedings). The CAB based its guilty decision on the conduct report of the incident in question and the testimony of staff witnesses that Peters was fighting. There was more than "some evidence" that Peters had committed the offense. *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 454, 105 S.Ct. 2768.

Finally, Peters claims that the district court erred by entering final judgment in his case on January 29, 2001 after it had granted his request to extend until January 30 the deadline for filing his reply brief. Apparently, the district court made a clerical error by entering a deadline of January 20 on the docket instead of January 30. After the district court received Peters's reply brief, however, it issued an order stating that its dismissal would stand. So the district court did consider Peters's filing. Furthermore, we have reviewed the reply brief and found nothing in it that should have affected the outcome of Peters's case. Peter has not demonstrated that the district court's clerical error caused him any harm.

AFFIRMED.